## MATTHEW CROW, APPELLANT, *v.* HENRY VAN SICKLE *et als.*, RESPONDENTS.

COMPLAINT BY HUSBAND ON NOTE GIVEN TO WIFE. Where a complaint by a husband on a note and mortgage given to his wife, alleged that he was the owner and holder of the note and mortgage, and in another part that the note and mortgage were the common property of himself and wife: *Held*, that though there was an apparent, there was no real contradiction; that the allegation of common property was nothing more than an explanation of the character of his ownership, and that a demurrer for ambiguity would not lie.

CHOSES IN ACTION BELONGING TO HUSBAND AND WIFE. Under the provision of the statute relating to husband and wife, (Stats. 1864–5, 240) the husband, for the purpose of bringing suits upon choses in action which are common property, and so far as the disposition of such property is concerned, is the sole owner, and he alone is the proper party to bring actions upon them.

WIFE NOT A PARTY TO ACTION TO RECOVER COMMON PROPERTY. In a suit on a note given in the name of a wife, though in fact the common property of herself and husband, she has no such interest as to make her a necessary or proper party.

PLEADING—HUSBAND'S OWNERSHIP OF COMMON PROPERTY. In a complaint by a husband to recover a chose in action given in the name of his wife, but belonging to the community, it is sufficient for him, to show his right of action, to allege either that he is the owner or that it is common property, and even both allegations in the same complaint will not render it demurrable.

PLEADING—CHARACTER OF CORPORATIONS DEFENDANT. In an action on a note and mortgage, where a corporation was made a party defendant as having some interest: *Held*, that it was not necessary to allege whether it was a foreign or domestic corporation, nor for what purpose it was incorporated.

APPEAL from the District Court of the Second Judicial District, Douglas County.

This was an action on a note for $9,650, and interest at the rate of two per cent. per month, made by defendant Van Sickle to Mary Crow, October 26th, 1868, and a mortgage of even date to secure

the same on the " Kinney Ranch," the " Bob Lyons Ranch " and " Van Sickle's Hotel " in Douglas County.  · Wells, Fargo & Co.,  · H. F. Dangberg and J. J. Jones were made parties defendant, as having some interest in the property mortgaged subsequent to the lien of the mortgage.

*R. S. Mesick*, for Appellant.

I. The note and mortgage being made to the wife of the plaintiff during coverture are, by operation of law, payable to the husband, and either his property or the common property of both husband and wife, and so subject to the exclusive control of the husband. (Story on Promissory Notes, Secs. 87, 124; *Com.* v. *Manley*, 12 Pick. 173; *Tryon* v. *Sutton*, 13 Cal. 493; Stats. 1864–5, 239; *Smith* v. *Smith*, 12 Cal. 216; *Meyer* v. *Kinzer*, 12 Cal. 247; *Pixley* v. *Huggins*, 15 Cal. 127; *Benton* v. *Leis*, 21 Cal. 87; *Adams* v. *Knowlton*, 22 Cal. 283; *Riley* v. *Pehl*, 23 Cal. 70; *McDonald* v. *Badger*, 23 Cal. 393; *Ramsdell* v. *Fuller*, 28 Cal. 37.)

II. Actions concerning common property are purposely brought in the name of the husband alone, and the wife ought not to be joined with him as a party. (*Mott* v. *Smith*, 16 Cal. 557; *Tissot* v. *Throckmorton*, 6 Cal. 471.)

III. We are at a loss to understand how it can be contended with any degree of sincerity that any point in the demurrer can be be sustained. The matter seems to us too plain for argument.

*Clarke & Wells*, for Respondents.

I. The complaint alleges the note and mortgage to be the property of the plaintiff; and then alleges them to be the property of plaintiff and wife. These averments are contradictory. Can plaintiff be allowed to try to prove one, and on failure prove the other ? The allegations and proof must correspond. (24 Cal. 458; 15 Cal. 410.)

II. Wells, Fargo & Co., a corporation, are made defendants, because necessary parties to the action; but plaintiff does not allege when, where, or for what purpose incorporated, or whether a domes

tic or foreign corporation. The complaint ought to allege these facts; and if a foreign corporation, the fact of such compliance with our laws as will enable it to do business here. (14 Cal. 457; 10 Cal. 22; 34 Cal. 48.)

By the Court, LEWIS, C. J.:

Suit to foreclose a mortgage, the complaint alleging that the note to secure which the mortgage was given was executed to Mary Crow, who it is charged was at the time of its execution and delivery, and ever since has been, the wife of plaintiff, and that.the consideration upon which the note and mortgage were executed was money received by the defendant Van Sickle from the plaintiff. It is also alleged that the plaintiff is the owner and holder of the note and mortgage, and that they now are and "have ever been the common property of himself and his said wife."

The defendant Van Sickle demurred to this pleading, assigning several grounds, only two of which, however, are urged in this Court, namely: First. It is ambiguous and contradictory in this: it alleges, first, that the plaintiff is the owner and holder of the note and mortgage, and again that they are the common property of himself and wife: and second, that, as it alleges Wells, Fargo & Co., who are made defendants, to be a corporation, it should show whether a domestic or foreign corporation, and for what purpose incorporated.

At first blush the allegation respecting the ownership would seem to be a flat contradiction. When, however, taken in connection with the peculiar statute of this State respecting the common property of husband and wife, it will be observed no such contradiction exists. Section two of that law declares that " all property acquired after the marriage by either husband or wife, except such as may be acquired by gift, bequest, devise, or descent, shall be common' property." And section nine of the same act provides that " the husband shall have the entire management and control of the common property, with the like absolute power of disposition as of his own separate estate." (Stats. of 1864–5, 240.) The complaint was evidently drawn with this statute in view. By virtue of it, the husband is—for the purpose of bringing suits upon choses in action

which are common property, and so far as the disposition of such property is concerned—the sole owner, and he alone is the proper party to bring actions upon them. (*Mott* v. *Smith*, 16 Cal. 557.) Neither in the bringing of this action nor the collection of the note, has the wife any such interest as to make it necessary for her to be made a party to the proceeding. The power of management and absolute disposition of the common property thus conferred by the statute, clothes the husband with such ownership and authority as to warrant the allegation in a complaint of this kind, that he is the owner of the chose in action. Certainly, the wife has no interest which will justify any interference on her part, nor has the defendant in such case any ground of complaint, for the plaintiff is the owner of a moiety and so far as the right of prosecuting the action is concerned, he is in effect the absolute owner of the entirety.

After alleging himself to be the owner, it was doubtles useless to go further and state that it was common property. Either allegation would evidently have been sufficient to show a right of action in the plaintiff; but if both allegations be embodied in the same pleading, we cannot perceive why it should be a cause of demurrer, for the allegation of common property is little, if anything, more than an explanation of the character of the plaintiff's ownership.

The second ground of demurrer clearly has no merit. It is charged that the concern known as Wells, Fargo & Co. has some interest in the property, accrued subsequent to the interest of plaintiff. Thus it became necessary to make it a party defendant. Whether it be a foreign or domestic corporation, and for what purpose it may have been incorporated, are matters into which the plaintiff was not bound to enquire. It was his duty to get legal service on the defendant: for the purpose of determining how to do that, it might be necessary for him to ascertain whether the corporation were foreign or domestic, but beyond that he had nothing to do with it.

The demurrer was improperly sustained. The judgment must therefore be reversed.