[No. 2456]

# B. F. LAWS, RESPONDENT, *v.* JOHN ROSS AND MARY ROSS (HIS WIFE), APPELLANTS.

[194 Pac. 465]

1. HUSBAND AND WIFE—IN TENANT'S ACTION FOR IMPROVEMENTS ON LANDLORD WIFE'S PROPERTY, EVIDENCE AS TO HUSBAND'S AUTHORITY HELD ADMISSIBLE.

   In tenant's action against landlords, husband and wife, for improvements, the premises being in the wife's name, evidence *held* admissible against the objection that defendants were improperly joined, as the wife's liability might have turned upon her husband's authority to bind her.

2. LANDLORD AND TENANT — TENANT'S COMPLAINT FOR VALUE OF IMPROVEMENTS NEED NOT ALLEGE DEFENDANTS' OWNERSHIP.

   In tenant's action against alleged landlords for improvements, the complaint was not defective in not alleging ownership by defendants of the property, for individuals may be liable for improvements upon property to which they have no title whatsoever.

3. LANDLORD AND TENANT—IN TENANT'S ACTION FOR IMPROVEMENTS, EVIDENCE OF RELATIONSHIP OF PARTIES HELD ADMISSIBLE.

   In tenant's action against alleged landlords for improvements, evidence as to the existence of relationship of landlord and tenant between the parties was admissible as tending to corroborate plaintiff's testimony.

4. HUSBAND AND WIFE—EVIDENCE AS TO OPTION CONTRACT FOR SALE OF LAND HELD ADMISSIBLE ON QUESTION WHETHER LAND WAS COMMUNITY PROPERTY.

   In tenant's action against landlords, husband and wife, to recover for improvements, an option on the property given by the husband, and the defendants' deed about a year after the improvements, *held* admissible on the question of whether the property was that of the community or the separate property of the wife.

5. APPEAL AND ERROR—PRESUMED COURT MADE SPECIFIC FINDINGS.

   Where trial court made no specific findings on a point, no request having been made for specific findings, supreme court must conclude that the court did in fact so find.

6. HUSBAND AND WIFE—COMMUNITY PROPERTY PRESUMED TO CONTINUE AS SUCH UNTIL CONTRARY IS SHOWN.

   Property or money, once a part of the community, will be presumed to remain such until shown by clear, certain, and convincing proof to have been transmuted into separate property.

7. HUSBAND AND WIFE — EVIDENCE HELD INSUFFICIENT TO SHOW PROPERTY CHANGED FROM COMMUNITY TO WIFE'S SEPARATE PROPERTY.

   In tenant's action against landlords, husband and wife, for improvements, evidence concerning a division of defendants'

property *held* insufficient to establish that the leased property had been changed from that of the community to that of the wife.

8. LANDLORD AND TENANT — EVIDENCE IN TENANT'S ACTION FOR IMPROVEMENTS HELD TO SUPPORT FINDING FOR PLAINTIFF.

In tenant's action for improvements, *held* that the court's finding in plaintiff's favor was, sustained by evidence.

9. HUSBAND AND WIFE—WIFE HELD PROPER PARTY IN ACTION INVOLVING QUESTION AS TO WHETHER PROPERTY WAS COMMUNITY OR SEPARATE PROPERTY OF WIFE.

Although the wife is an improper party in suits affecting community property, or rights and liabilities growing out of dealings therewith, where husband and wife took the position that the property in question was the separate property of the wife, she was not an improper party in tenant's action for improvements on such property.

10. APPEAL AND ERROR—SUPREME COURT MAY AFFIRM AS TO ONE DEFENDANT AND MODIFY AS TO ANOTHER.

Under Rev. Laws, 5066, it is the duty of the supreme court to disregard any error or defect which does not affect the substantial rights of the parties, or either of them, so that the judgment may be modified as to one defendant and affirmed as to the other.

APPEAL from Eighth Judicial District Court, Lyon County; *T. C. Hart,* Judge.

Action by B. F. Laws against John Ross and wife. From a judgment for plaintiff and an order denying a new trial, defendants appeal. **Judgment against the wife set aside, and proceedings dismissed as to her, and judgment against the husband affirmed.**

*Robert L. Waggoner,* for Appellants:

The complaint alleges a series of joint acts, and claims on that account a joint liability of defendants. Therefore certain limitations upon the admissibility of evidence are imposed. Clark on Contracts, 415; 7 Am. & Eng. Ency., 2d ed., p. 101; 9 Cyc. 651.

Title to property must be proven by the best evidence. Mere statements of plaintiff are not sufficient. The evidence must be limited to the issues. 1 Elliott, Evid., par. 143; 22 Ency. Pl. & Pr. 527; Stout v. Coffin, 28 Cal. 65; Edd v. Union Pac. Co., 71 Pac. 215. The allegation of a loan to both defendants is not sustained by

the evidence or proof of loan to one. York v. Fortenbury, 25 Pac. 163. The evidence must conform to the pleadings. Nichols v. Randall, 69 Pac. 26; Higgins v. Graham, 76 Pac. 898.

The wife is an improper party in all suits involving the rights of the community, unless she has separate and diverse interests. If the judgment of the trial court is to stand in the matter of the community property, the judgment for debt will not stand against the wife; and if the property belongs to her, she cannot be held liable for the debts of her husband. Ballinger, Community Property, sec. 177; Althof v. Conheim, 38 Cal. 230; McClay v. Love, 25 Cal. 367; Smith v. Greer, 31 Cal. 477; Brown v. Orr, 29 Cal. 120.

"A husband and wife may agree to transmute separate property of either into community property, or community property into separate property." Ives v. Connacher, 162 Cal. 174, 121 Pac. 394; Carter v. McQuaide, 23 Pac. 348; Burkett v. Burkett, 78 Cal. 310; Taylor v. Opperman, 29 Cal. 468; Rev. Laws, 2173; Ballinger, Community Property, secs. 58–60; Taylor v. Opperman, 21 Pac. 869; Hamilton v. Hubbard, 65 Pac. 321; Story v. Marshall, 24 Tex. 305; Brisson v. Brisson, 17 Pac. 689; Crawford, v. Crawford, 56 Pac. 94. A husband and wife may alter their relations as to property. Rev. Laws, 2174; Marlow v. Barlew, 53 Cal. 459. Gifts between husband and wife, in the absence of fraud upon third persons, are generally valid. Higgins v. Higgins, 46 Cal. 259; In Re Cudworth, 65 Pac. 1041; Read v. Rahm, 4 Pac. 111; Woods v. Whitney, 42 Cal. 358; Dow v. G. & C. S. M. Co., 31 Cal. 653; Peck v. Brummagim, 31 Cal. 440; Hamilton v. Hubbard, 65 Pac. 321.

Objection to the question as to who ordered materials for the repairs should have been sustained, because under the pleadings there was no issue on the point. To be concluded by declarations or conduct, in relation to the title to property, from denying the truth of admissions, the showing must be very definite, both as to

the allegations and evidence. Biddle Boggs v. Merced Mining Co., 14 Cal. 279.

The evidence does not support the findings. There is not evidence that any labor or materials operated to the benefit of the defendants. A finding not embraced in the issues is of no validity. Neale v. Head, 133 Cal. 42; Deaner v. O'Hara, 36 Colo. 476; Boothe v. Bank, 47 Or. 299; Crescent Lumber Co. v. Larsen, 135 Pac. 502; Hallidie Co. v. Wash. L. B. & M. Co., 126 Pac. 96; Simmons v. Simmons, 166 Cal. 438; Wilcox v. Wilcox, 131 Cal. 770; Rich v. Moss Beach Co., 185 Pac. 859. The findings must respond to the issues. Bell v. Adams, 150 Cal. 772; Wilson v. Wilson, 6 Idaho, 597. Conclusions of law based upon findings of fact outside the issues raised by the pleadings cannot be sustained, and will not support a judgment. Fiske v. Casey, 36 Pac. 668; Carson v. Thewe, 9 Pac. 605; Newby v. Nyers, 24 Pac. 971; Pecos Valley T. Co. v. Railroad, 174 Pac. 736. The findings must cover so much of the issues as will sustain the judgment. County of Cochise v. Copper Queen, 71 Pac. 946; Doe v. Doe, 158 Pac. 781.

*J. Andrew Guttery,* for Respondent:

General objections to the evidence are not sufficient. Rulings cannot be reviewed when challenged only by general objections. Wheeler v. O'Brien Bros., 40 Nev. 422; Sigafus v. Porter, 84 Fed. 443; Noonan v. Mining Co., 121 U. S. 396; Culmer v. Clift, 14 Utah, 291; Carnell v. Barnes, 26 Wis. 473; Robins v. Imperial S. M. Co., 5 Nev. 44; 38 Cyc. 1375, 1378.

"In the absence of evidence to the contrary, presumption is in favor of the rulings on the admission of evidence." State v. Rover, 11 Nev. 343. "Where no substantial right of the appellant can possibly be affected by an error occurring in the lower court, both law and common sense require courts to disregard such error." Prezeau v. Spooner, 22 Nev. 88; Murphy v. S. P. Co., 31 Nev. 120. "The complaint will be supported by every

legal intendment, if there be nothing material in the record to prevent it." Meadow Valley M. Co. v. Dodds, 6 Nev. 261. "In the absence of evidence to the contrary, every presumption is in favor of the regularity and correctness of the proceedings in the court below." State v. Kelly, 1 Nev. 226; Carpenter v. Johnson, 1 Nev. 331; Virgin v. Brubaker, 4 Nev. 31; Flannery v. Anderson, 4 Nev. 437; Estate of Sticknoth, 7 Nev. 233; Philpotts v. Blasdel, 8 Nev. 61; Marshall v. Golden Fleece M. Co., 14 Nev. 158; Adams v. Rogers, 31 Nev. 163.

Defendants are sued in their community relation. It is certainly proper that the members of the community should be named as defendants. "Where she has an interest in the subject-matter of the suit, she should be made a defendant." Barrell v. Tilton, 119 U. S. 637. "If the husband appear jointly in a suit by or against his wife, his authorization will be implied." 21 Cyc. 1683. "An improper joinder of actions may be waived by the failure of the defendant to demur at the proper time." McKune v. S. C. Valley Mill Co., 110 Cal. 480. "The husband has the entire management and control of the community property, with the absolute power of disposition thereof." Rev. Laws, 2160.

"Act of purchase excludes presumption of gift." Meyer v. Kinzer, 12 Cal. 247; 21 Cyc. 1640. Before the property was divided, it certainly was community property. "The earnings of both of the spouses become the property of the community, and property purchased with such means is likewise a part of the same." Washburn v. Washburn, 9 Cal. 475; Adams v. Baker, 24 Nev. 375; Smith v. Furnish, 70 Cal. 424. "Generally speaking, property purchased by either husband or wife during the existence of the community is community property." 21 Cyc. 1639; Smith v. Smith, 12 Cal. 247.

The husband is estopped to deny that the property is community property. 21 Cyc. 1654. "Conveyance to a married woman, other than by way of gift, and not for

a consideration moving from her separate estate, vests the title in the community." 21 Cyc. 1640, 1641; Green v. Ferguson, 62 Tex. 525; Cox v. Miller, 54 Tex. 16.

"No presumption exists in favor of a wife's title to property claimed by the creditors of the husband." 21 Cyc. 1208; Wagner's Appeal, 3 Walk. 130.

The trial court decided that the property was and is community property. "Where nothing is shown to the contrary, this court will presume that the judgment is sustained by the findings, and that the findings were justified by the evidence." Nesbitt v. Chisholm, 16 Nev. 39.

It will be presumed on an appeal, in a case tried by the court without a jury, that the court, in arriving at its findings, took into consideration all the evidence that was properly admitted. 4 C. J. 776. The appellate court will assume the facts to be as testified to on the part of the respondent. Gerhauser v. Insurance Co., 7 Nev. 174. It will be assumed that the issues were found against the defendant. More v. Lott, 13 Nev. 376. In the absence of express findings, it is the duty of the appellate court to presume the findings of the lower court to have been such as were necessary to support the judgment. Langworthy v. Coleman, 18 Nev. 440; Wilson v. Wilson, 23 Nev. 267. In the absence of express findings, the law implies findings in favor of the judgment. Wilson v. Wilson, supra.

By the Court, COLEMAN, J.:

This is an action to recover judgment in the sum of $1,012.71 against the defendants. The complaint contains two causes of action, the first being to recover the sum of $624.12 for goods, wares, and merchandise alleged to have been furnished, sold, and delivered by the plaintiff to the defendants, at their special instance and request, for which it is alleged they agreed to pay said sum. The second cause of action is to recover for labor furnished at the special instance and request of

the defendants, of the alleged value of $388.59, and for which, it is alleged, they promised to pay. It is also alleged that the materials and labor were for an addition to the rear of the Central Garage building in Yerington, Nevada; that said addition was constructed with the materials and labor furnished by plaintiff, and was fully completed by him and accepted by the defendants; and that no part of the indebtedness so alleged to have been contracted has been paid. An answer was filed denying all of the allegations of the complaint.

The defendants are husband and wife, and resided for a time at Tonopah and Blair, Nevada, where they accumulated considerable money. In 1913, certain real estate in Yerington, Lyon County, Nevada, upon which there was at all times during the dealings between the parties a building known as the "Central Garage," was conveyed to the defendant John Ross, who on January 1, 1917, deeded it to the defendant Mary Ross, in consideration of $1 and love and affection. On February 10, 1915, pursuant to negotiations theretofore conducted between plaintiff and John Ross, a lease was entered into whereby the plaintiff acquired possession of said real estate and improvements for a term of three years, in consideration of certain rentals agreed to be paid.

On the part of plaintiff it is contended, and the court found, that during the latter part of the year 1918 negotiations were entered into between the parties, whereby it was agreed that the plaintiff might erect upon said lot and at the rear end of the Central Garage, situated thereon, a shop, and that in so doing he should furnish all material and labor, with the understanding that upon his vacating the premises he was to be paid by the defendants for the actual cost of material and labor necessary in constructing such addition. At the time of the construction of the addition the plaintiff had no lease upon the premises. The addition is built of corrugated iron, and has a cement floor, with two or three pits.

It is the contention of the defendants that when negotiations were opened by the plaintiff for the construction of the addition, permission was given him to do so at his own expense; that they were never to pay for the same, but that plaintiff might remove the improvements when he vacated the premises, as he was compelled to do about one year after the making of the improvements. He left the improvements on the premises, and now seeks to recover the amount expended in their construction. The defendant Mary Ross now claims the property as her separate estate, but this claim was put forth for the first time in presenting her evidence upon the trial.

The trial court found the allegations of the complaint to be true, that the property upon which the addition had been constructed was community property, and rendered judgment in favor of the plaintiff and against both of the defendants. An appeal has been taken by both of the defendants from the judgment and the order denying a motion for a new trial.

1. The first contention of appellants to which we will allude is that certain objections to the introduction of evidence upon the ground that the defendants were improperly joined should have been sustained. No point was raised by a demurrer to the complaint before the answer was filed, nor is it now contended that the complaint was demurrable upon the ground of misjoinder of parties defendant. In view of the form of the complaint, the trial court was justified in admitting evidence which, when properly connected up, might tend to establish the cause of action pleaded, and show that the defendants were properly joined. In fact, we believe that it is a well-recognized rule in this state that the husband must, in certain instances, be joined with the wife, even though there be no liability on the part of the husband; but, in any event, in view of the facts and circumstances disclosed by the record, the court was justified in allowing the widest latitude in the presentation of evidence, as the question of the liability of

Mrs. Ross might have turned upon the authority of John Ross to bind her.

2. Error is assigned to the adverse ruling of the court upon objections made during the trial to testimony tending to show that the indebtedness in question was incurred in connection with the construction of the addition to the Central Garage building. The objections were upon the ground that the complaint does not allege ownership of the property. No error was committed by the rulings of the court. Such an allegation was not essential to the complaint. Individuals may, and frequently do, become liable for improvements upon property to which they have no title whatsoever. If they contract an indebtedness, they cannot escape liability simply because it develops that they have no title to the realty concerning which they incurred the liability. The question for determination by the court was: Did the defendants contract the liability?

3. Several errors are assigned to the ruling upon objections to the admission of evidence as to the existence of the relationship of landlord and tenant between the parties. All of these assignments are utterly devoid of merit. While it was not necessary to allege the existence of this relationship, the proof of its existence tends to corroborate the testimony of the plaintiff, and is material. We take it that it was upon this theory the court admitted the evidence; but, no matter what reason may have moved the court, the evidence was competent. Counsel for appellants was supertechnical in his objections to the testimony offered in behalf of plaintiff. In view of the relationship existing between the defendants, and their contentions, and of the case with which fraud may be perpetrated by husband and wife in dealing between themselves with property acquired as was this, and of the facts of the particular case, it was the duty of the court to allow a wide range in the presentation of plaintiff's case and in inquiring into the true facts as to the ownership of the property. It does not appear that the court abused its discretion.

4. It is also contended that the court erred in receiving in evidence an option from defendant John Ross to E. A. Dillon, covering the property in question, and a deed from John Ross and wife (the defendants) conveying said property to Dillon, and in refusing to strike the same from the record. These instruments were executed about a year after the improvements had been put upon the property. We think the giving of the option by John Ross, and his receiving a consideration therefor, followed by the joint deed of the defendants, was competent evidence for the court to consider, along with all the other evidence, in arriving at the truth as to whether or not the property in question was community property or the separate property of Mary Ross, which was the point upon which the case centered; for, if it was community property, it followed that the case, so far as the plaintiff was concerned, was very much simplified, since, if it was the separate property of the wife, it would become necessary to prove either that John Ross was the agent of Mary Ross in contracting the indebtedness, or that she had ratified his act in contracting the same. Of course, in either event, it was necessary for the plaintiff to maintain his theory of the case as to the contract for the furnishing of the materials and labor.

We come now to the contention of the defendant Mary Ross that the evidence does not justify the findings that the property is community property. The defendants testified that, while residing in Tonopah and Blair, through speculation in stocks, a considerable sum of money was made up to a certain time. It is also testified to that the tide turned and that John Ross was losing money, which moved Mrs. Ross to suggest a division of the remaining funds which had been accumulated. The testimony also shows that the money was, in 1906, "divided" between the defendants, John Ross depositing that over which he thus acquired control in a bank which failed, and Mrs. Ross keeping that over

which she acquired control in the "company's office." They testified also that the money which went into the purchasing of the property in question in 1913 was a part of that over which Mrs. Ross had assumed control in 1906, and that the conveyance to her in 1917 was a mere transfer of that which was already a part of her separate estate.

5, 6.   Assuming that the defendants were capable in 1906 of transmuting the community earnings into separate property, let us consider whether the evidence is such as to justify a reversal of the judgment, which was based upon the finding that there was no such transmutation; for, while the court made no specific finding upon this point, under our practice, no request having been made for specific findings, we must conclude that the court did in fact so find.   Moore v. Rochester M. Co., 42 Nev. 179, 174 Pac. 1017.   The evidence as to what was done by the defendants is very meager, and goes no further than to show that the accumulations were "divided" in 1906, that John Ross deposited the portion which he took in a bank which failed, and that Mrs. Ross kept the portion which she took in the "company's office."   There is no evidence whatsoever as to the understanding which was had between the parties as to their respective rights and claims upon the money divided.   It is not even contended that it was agreed at the time that the money over which the respective defendants were to exercise control was to be their separate property; nor, so far as appears, did any one ever hear of a claim made by Mrs. Ross that the property in question was her separate property during all the times that it stood in the name of John Ross, during which period he not only appeared of record to be the owner of it, but dealt with it as such.   We believe that no other safe rule can be laid down than that property or money once a part of the community will be presumed, as against creditors, to remain such until shown by clear, certain, and convincing proof to have been transmuted

into separate property. In the case of Lake v. Bender, 18 Nev. 361, 4 Pac. 711, 7 Pac. 74, this court held that, to establish a gift from one spouse to another of any interest in a community estate, so as to stamp it as a part of the donee's separate estate, "convincing proof is required." Chief Justice Hawley, in an opinion filed in the case mentioned, quoted approvingly as follows from Meyer v. Kinzer, 12 Cal. 252, 73 Am. Dec. 538:

"The presumption, therefore, attending the possession of property by either, is that it belongs to the community; exceptions to the rule must be proved. * * * This invariable presumption which attends the possession of property by either spouse during the existence of the community can only be overcome by clear and certain proof. * * * "

And in the Estate of Warner, 167 Cal. 688, 140 Pac. 584, the court said:

"It is undoubtedly true that the presumption which attends the possession of property by either spouse may only be overcome by clear and certain proof that it is really separate property."

7. Can we say, in view of the circumstances, that there was such "clear and certain" or "convincing" proof that it was the intention of the defendants in 1906 to transmute community into separate property? The trial court held that there was not, and we think it was justified in its conclusion.

8. The only remaining question is as to whether or not the indebtedness was contracted as alleged. The evidence is conflicting, and the case of the plaintiff as to the terms of the agreement rests upon his testimony alone and corroborating circumstances. The defendant John Ross, with whom all negotiations are alleged to have been had, flatly contradicts the testimony of the plaintiff. The court heard the testimony, observed the witnesses upon the stand, and was in a position to best determine who told the truth. Furthermore, there are several circumstances in the case tending to corroborate the testimony of the plaintiff, such as his putting

in a concrete floor with pits, though having no lease, which floor he could not remove. Upon the whole, we think the court was justified in its finding and judgment against defendant John Ross.

9, 10.   It is said that the wife is an improper party in all suits affecting the community property, or relating to rights and liabilities growing out of dealings in connection therewith. This contention is correct; but, in view of the position taken by the defendants all through the case, and now insisted upon, that the property in question is the separate property of the wife, no court could say that Mrs. Ross is not a proper party until all of the evidence is heard and the question of the character of the estate held by the respective defendants is finally determined; for, if the court should find the property to be the separate property of Mrs. Ross, she might be liable, if the agency of her husband to contract the indebtedness is shown, and, if not shown, if it be established that she ratified his action in entering into the agreement pleaded. The trial court having ultimately found that the property in question was community property, it follows that no judgment should have been entered against Mrs. Ross (Ballinger on Community Property, sec. 176) ; but the judgment against John Ross should not be set aside for that reason. Pursuant to section 5066 of the Revised Laws, it is our duty to disregard any error or defect which does not affect the substantial rights of the parties, or either of them. Hence it is our duty to affirm the judgment as to the defendant John Ross, and to modify it as to Mary Ross. 21 Cyc. 1553, note 47.

While we have not considered separately each of the errors assigned, what we have said disposes of all of them.

It appears that the proceeds from the sale of the property in question to Dillon were deposited in bank in the name of the defendant Mary Ross, and that the bank was garnisheed in this proceeding. We are not called upon to determine whether the money which was

so deposited is the property of John Ross and subject to the garnishment proceedings against him.

It is ordered that the judgment appealed from be modified so as to vacate and set aside the judgment against Mary Ross, and that the proceeding be dismissed as to her, and that the judgment against John Ross be affirmed; the respondent to recover against John Ross his costs on this appeal.