## JONES *v.* EDWARDS

No. 2707

April 7, 1926.                                        245 P. 292.

1. HUSBAND AND WIFE — HUSBAND HELD AUTHORIZED TO APPLY AMOUNT DUE WIFE FROM BOARDER AS PAYMENT ON NOTE MADE BY HIM, WHERE INCOME WAS COMMUNITY PROPERTY.

Amount due from plaintiff for board and lodging to defendant's wife, who owned house, which was also home of husband and children, and did all work, *held* community property, which husband could have applied as payment on note made by him, since Rev. Laws, secs. 2167, 2168, and 2169, as amended by Stats. 1917, c. 77, limiting husband's power over such property, are inapplicable, and there was no evidence of gift as contemplated by Rev. Laws, sec. 2169.

2. HUSBAND AND WIFE.

Loan to husband after marriage is presumed to be loan to community.

3. HUSBAND AND WIFE.

All property acquired after marriage is presumed to be community property and burden of proof is on person claiming to contrary.

4. HUSBAND AND WIFE—COURT HELD NOT REQUIRED BY STATUTE TO ORDER THAT WIFE BE MADE PARTY TO ACTION AGAINST HUSBAND ON NOTE, WHERE BOARD BILL DUE HER, WHICH WAS COMMUNITY PROPERTY, HAD BEEN APPLIED AS PAYMENT THEREON.

Where payee of note showed that amount he owed maker's wife for board and lodging was applied as payment thereon, court *held* not required, under Rev. Laws, sec. 5008, to order that she be made party to action on note, where amount due from plaintiff was shown to be community property, since wife is in legal effect party to every action involving community property.

5. HUSBAND AND WIFE.

Husband is deemed sole owner of community property, under statute, for purposes of defending action involving it.

6. INTEREST.
    Judgment on note bearing interest at 5½ per cent, cannot bear higher rate, in view of 3 Rev. Laws, sec. 2500.

See 31 C. J. sec. 1107, p. 27, n. 2; sec. 1142, p. 49, n. 3; p. 50, n. 11; sec. 1144, p. 53, n. 47; sec. 1175, p. 82, n. 63; sec. 1233, p. 148, n. 86 (new); sec. 1234, p. 148, n. 87; sec. 1246, p. 152, n. 9, 10; sec. 1247, p. 153, n. 38 (new); sec. 1261, p. 156, n. 36; 4 C. J. sec. 2855, p. 883, n. 33; (6) 33 C. J. sec. 114, p. 229, n. 93, 94; sec. 137, p. 1205, n. 61.

APPEAL from Second Judicial District Court, Washoe County; *Geo. A. Bartlett,* Judge.

Action by Robert Jones against Albert W. Edwards. Judgment for plaintiff, and defendant appeals. **Modified and affirmed. Rehearing denied.**

*Mack & Green* and *A. F. Lasher,* for Appellant:

Court erred in failing to order wife to be made party when it appeared she claimed money due for services as separate property. Rev. Laws, 5008, which is mandatory. Robinson v. Kind, 23 Nev. 330; Bliss v. Grayson, 24 Nev. 422.

Judgment is binding only on parties to action or those in privity with them. Ahlers v. Thomas, 24 Nev. 407; Vickers v. Vickers, 45 Nev. 274.

Wife is not in privity with husband as to rights acquired before institution of suit against him. 34 C. J. 1020.

It was impossible for lower court to find for plaintiff without passing on claim of wife who was not party to action.

In absence of wife's agreement her separate property will not as rule be liable for community debts. 31 C. J. 116.

Mrs. Edwards was not shown to have performed services for charity. Law implies promise to pay where one allows another to work for him under circumstances in which no reasonable person would expect it was to be done for nothing. 13 C. J. 274.

*Huskey & Souter,* for Respondent:

Defendant filed four answers. In first, second and third, he admitted nothing had been paid on note. In

fourth he denied that no part had been paid except $330. In first and second answers defendant set up counterclaim, admitted he had furnished board and lodging and sought to recover, not $10 but $40 per week therefor. In third and fourth answers he omitted counterclaim and plead statute of limitations.

At trial another case, that of wife and husband against plaintiff, was introduced in evidence, wherein they jointly sought to recover $50 per week for same services. Court wisely preferred to believe plaintiff.

When case is tried by court without jury, judgment shall not be reversed for want of or defective finding, unless, etc. Rev. Laws, 5345.

Failure to pay interest as provided terminated, stated rate and legal rate became thenceforth operative. 3 Rev. Laws, p. 2855.

Judgment extinguished instrument by merger. 8 C. J. 621.

Assumptions necessary to bring case within Rev. Laws 5008—that wife was not party in court below and that it appeared she had material outstanding interest in subject matter recognized by law and which would be affected by judgment, are lacking.

Husband is proper party in suit upon chose in action which is common property. Wife is not necessary party. Crow v. Vansickle, 6 Nev. 146.

It is not necessary to prove property acquired during coverture is community. Burden is on opposite party. If acquired entirely by efforts of husband, though wife does not lift finger in aid or though she is burden and detriment, still property is common. Lake v. Bender, 18 Nev. 361. Same rule applies to wife.

In Youngworth v. Jewell, 15 Nev. 45, where wife actually complied with sole traders' act, but husband intermingled his skill and industry with hers without agreement for compensation, Hawley, J., held property paid for with funds so raised was common and liable for husband's debts.

In jurisdictions where wife is not necessary party in actions against husband affecting community real

property, judgment against husband is binding against him, wife, and community estate. 31 C. J. 160.

## OPINION

By the Court, DUCKER, J.:

Action on a promissory note. The note, a copy of which is set out in the complaint, was executed by appellant in favor of respondent on March 1, 1917, for the principal sum of $1,000. It is alleged in the complaint that no part of the note, either principal or interest, has been paid, except $330, which was paid on account of said note as follows: March 1, 1920, $10; November 1, 1920, to June 5, 1921, at the rate of $10 each and every week, $320; and that said sums so paid have been credited on account of the principal and interest of said note.

In the third amended answer the execution and delivery of the note were admitted and all other allegations of the complaint denied. For a separate answer and defense the statute of limitations was pleaded. The trial court found said allegations of the complaint to be true, and rendered judgment for respondent.

This appeal is from the judgment and order denying appellant's motion for a new trial.

In order to maintain the action against the alleged bar of the statute of limitations, it was necessary for respondent to prove the payments made on the note as alleged in his complaint. It appeared from the evidence that respondent had boarded and roomed at appellant's home in Reno for a week beginning March 1, 1920, and also from November 1, 1920, to June 5, 1921. In regard to the payments respondent testified that some time in May, 1921, at appellant's home, the latter agreed with him that his board and lodging during the times mentioned was to be charged for at the rate of $10 per week, and to be credited on the note. Appellant denied that any such agreement was made, and contends that the evidence shows that the amount due for respondent's board was the earnings of appellant's wife, and, as such, is her separate property. He contends that,

when this appeared in evidence, it became the duty of the court on its own motion to order appellant's wife, Emily Gladys Edwards, to be made a party, and that the failure of the court to do so constitutes jurisdictional error. Briefly summarized, the testimony and evidence bearing on this claim is as follows: Respondent roomed and boarded at the home of appellant and his wife for several years before the times mentioned, and had always paid his bill for the same to Mrs. Edwards; never to appellant. Respondent applied to her to. be received as a roomer and boarder. The home where respondent boarded and lodged was the property of Mrs. Edwards. Respondent was ill during the time in question, and Mrs. Edwards took care of him. She cooked his food. She had his washing done with her own, and attended to the mending of his clothes. She attended to his room, except at times when she had a maid. Appellant wanted respondent to be removed to a hospital, but Mrs. Edwards would not permit it.

On the trial of the case, which commenced December 3, 1924, respondent introduced in evidence a complaint filed November 28, 1924, in which appellant and his wife, Emily Gladys Edwards, are plaintiffs, and respondent is defendant. In that complaint the claim which respondent seeks in the instant action to apply as credits on the promissory note is set forth, including claims for care and nursing as a cause of action in favor of Mrs. Edwards against respondent, and judgment is prayed for by her against him.

Respondent also introduced in evidence appellant's answer, and the first amended answer in the instant case verified by him, in each of which a counterclaim is set forth by appellant and his wife against respondent for board and lodging, nursing and care, at appellant's house from the 1st day of November, 1920, to and including June 5, 1921.

Explanatory of his position taken in the counterclaims of the answer and first amended answer that the respondent's board and lodging constituted a debt due to him, appellant testified as follows:

"A. I presumed that I was entitled to the same as

Mrs. Edwards. Whatever Mrs. Edwards done was for me, but she took the opposite stand, and considered it for herself, not for me.

"Q. Your idea that everything that belonged to the wife belonged to you? A. Yes.

"Q. You felt that way? A. Yes, certainly.

"Q. Until you— A. Until I found out different."

He testified also that during the time in question he had no business of any kind or character with respondent with reference to his board and lodging. He testified, further, that the place where respondent boarded and roomed belonged to Mrs. Edwards, but admitted that it was his home, where he had lived for a number of years, and the place from which he registered for the purpose of voting.

The claim that the evidence disclosed such an interest in the amounts owed by respondent sought to be applied as payments on the note as made it mandatory upon the court to make her a party is made under section 5008 of the Revised Laws of Nevada, which in part reads:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in.  *  *  * "

1. Did the court err in not making Mrs. Edwards a party? The determination of the question is dependent upon whether the property concerning which the agreement was made between respondent and appellant was community property or the separate property of the wife, and, if community property, whether it was subject to any exceptions to the provisions of law giving the husband the absolute power of disposition thereof. That such an agreement was actually made is settled by the finding of the court on the conflicting testimony of respondent and appellant. Section 2160 of the Revised Laws, as amended by Stats. 1917, p. 121, reads:

"The husband shall have the entire management and control of the community property, with the like absolute power of disposition thereof, except as hereinafter

provided, as of his own separate estate; provided, that no deed of conveyance or mortgage of a homestead as now defined by law, regardless of whether a declaration thereof has been filed or not, shall be valid for any purpose whatever unless both the husband and wife execute and acknowledge the same as now provided by law for the conveyance of real estate; provided further, that the wife shall have the entire management and control of the earnings and accumulation of herself and her minor children living with her, with the like absolute power of disposition thereof, when said earnings and accumulations are used for the care and maintenance of the family."

The first proviso of the foregoing section is obviously inapplicable in this case, and there is no evidence tending to show that the property sought to be applied as payments on the note was subject to the sole disposition of the wife as contemplated by the second proviso. Section 2167 of the Revised Laws provides:

"The earnings of the wife are not liable for the debts of the husband."

2. This section is likewise inapplicable. If it were conceded that the amount due for respondent's board and lodging was the earnings of the wife, there is nothing to show that it was applied to the payment of the debt of the husband. The loan evidenced by the note was made after marriage, and, nothing appearing to the contrary, it must be presumed to be a loan to the community. 5 R. C. L. 857, 858. Was the property then community property subject to the disposition of the husband? As is seen from the evidence stated, respondent's board and lodging was furnished after appellant's marriage. Under the existing statutory law all property, with certain exceptions, acquired after marriage is community property. Property acquired afterwards by gift, bequest, devise, or descent, with the rents, issues, and profits thereof, is among the exceptions. It is the separate property of the spouse so acquiring it. The other exceptions are as follows:

"The earnings and accumulations of the wife and of

her minor children, living with her, or in her custody, while she is living separate from her husband, are the separate property of the wife." Section 2168, Rev. Laws.

"When the husband has allowed the wife to appropriate to her own use her earnings, the same, with the issue and profits thereof, is deemed a gift from him to her, and is, with such issues and profits, her separate property." Section 2169, Rev. Laws.

3. Appellant and his wife and their children were living together during all of the times mentioned; consequently section 2168 has no application. All property acquired after marriage is presumed to be community property, and the burden of proof is upon the person claiming to the contrary. Lake v. Bender, 4 P. 711, 7 P. 74, 18 Nev. 361; State v. Langan, 105 P. 568, 32 Nev. 176. As said in the first case above cited:

"It is conceded that property acquired during coverture presumably belongs to the community. The burden is on the defendant in this case to overthrow this presumption, by proof sufficiently clear and satisfactory to convince the court and jury of the correctness of his claim, as in other cases."

Applying this rule to the evidence, the claim of a gift from appellant to his wife is not sustained. In fact, there is no evidence of a gift as contemplated by section 2169. No agreement of this kind appears in the record. True, respondent formerly paid his bills to Mrs. Edwards, but it is nowhere indicated that the moneys so received by her were appropriated to her use. It also appears that she did all the work in connection with the care and maintenance of respondent as a boarder and roomer, except at times when a maid was employed, and also cared for him in his sickness, but this, standing alone, has no bearing on the question of a gift. And, further, the counterclaims in the answers, and appellant's explanation thereof as heretofore stated, furnish strong evidence of the fact that there was no intention on his part of allowing his wife to appropriate the amount to be

paid by respondent for his board and lodgings to her own use.

4.   Stress is laid on the fact that the house where respondent boarded and roomed belonged to Mrs. Edwards, having been acquired by her before marriage. This would not help appellant, unless it also appeared that the moneys due for respondent's board and lodging were the rents, issues of such separate property, which under the statute would also become her separate property.   We do not think this is established under the evidence.   Mrs. Edwards was not running a hotel on her own account and using the profits for such purpose.   The house was the home of appellant and his wife and their children, and the keeping of respondent was merely incidental.   Its ordinary use was as a home, and, in the absence of evidence to the contrary, it must be presumed, under the rule heretofore stated, that the necessaries for the main and incidental purpose were supplied from the community funds.   Any profits flowing therefrom would belong to the community.   Our opinion, therefore, is that the lower court was justified in concluding from the evidence that respondent's indebtedness for board and lodging was community property, which appellant had the right, under the statute, to have applied as payment on the note.   Being community property, it was not incumbent on the court under section 5008 to have made an order that Mrs. Edwards be brought in as a party to the action.

5.   As the suit involved community property, her husband was, under our statute, deemed the sole owner of such property for purposes of defending such action. Referring to the provision of our law which gives the husband the entire management and control of the community property, with the like absolute power of disposition as of his own separate estate, this court, in Crow v. Van Sickle, 6 Nev. 146, said:

"By virtue of it, the husband is—for the purpose of bringing suits upon choses in action which are common property, and so far as the disposition of such property

is concerned—the sole owner, and he alone is the proper party to bring actions upon them."

If he is the proper party to bring actions upon community property, he is certainly the proper party to defend actions involving it.

In Malmstrom v. People's Ditch Co., 107 P. 98, 32 Nev. 246, this court held that, where title to land purchased with money earned after marriage is taken in the name of the wife, the land is community property under the husband's control, so that an action for injury thereto may be maintained by him alone.

In Jordan v. Moore, 65 Tex. 366, the court said:

"The husband, as the representative of the community, under the statute, may alone sue for and collect any claim due to the community, and a judgment in his favor, or against him, will bind the wife, as to such estate, as fully as she could be bound were she a party to the action."

In Ballenger on Community Property, in section 176, the author states what we conceive to be the true rule deducible from the cases under a statute making the husband the representative of the community:

"In suits involving community interests, the husband, as the representative of the community, may alone sue for and collect claims due the community, and a judgment in his favor or against him will bind the wife as to such estate as fully as she could be bound were she a party to the action, unless in cases in which the right of the wife to assert claims to community property is recognized for her own protection. The wife is, however, in legal effect a party to every action involving the community, and a judgment against the husband alone, touching community property, is conclusive as to the title to the property upon both husband and wife. The authorities are uniform in holding that, in actions involving the rights and liabilities of the common property, the husband is the proper person to prosecute and defend the interests of the marital partnership, and that she is neither a necessary nor a proper party thereto."

We have no quarrel with the authorities cited by

appellant to the effect that, under the provisions of section 5008, when it appears that one not a party is a necessary party, it is the duty of the court of its own accord to order such a one to be brought in. But by virtue of the rule involved it appears from the evidence that Mrs. Edwards was in legal effect a party to the action, and no duty was imposed upon the court by that section. Moreover, had the court ultimately concluded that the compensation due was her separate property, her presence as a party would not have been necessary to a complete determination of the controversy. The plaintiff would simply have failed in his action.

6. The court entered judgment in favor of respondent for the unpaid principal and interest, with interest thereon at 7 per cent per annum, and this is assigned as error. It is claimed that, as the note bore interest at $5\frac{1}{2}$ per cent per annum, the judgment thereon must bear the same rate of interest. This contention is well taken. Section 2500 of 3 Rev. Laws in part provides:

"Parties may agree for the payment of any rate of interest on money due, or to become due, on any contract, not exceeding, however, the rate of twelve per cent (12%) per annum. Any judgment rendered on any such contract shall conform thereto, and shall bear the interest agreed upon by the parties, and which shall be specified in the judgment."

By virtue of this plain provision the judgment rendered should bear interest at the rate of $5\frac{1}{2}$ per cent per annum, the rate of interest expressly agreed upon in the note. To this extent the judgment is ordered modified, and in all other respects affirmed.

### ON PETITION FOR REHEARING

July 30, 1926.

*Per Curiam:*

Rehearing denied.