## TOBIN v. BLOCK.

## No. 2590.

District Court, D. Nevada.

June 26, 1937.

N. J. Barry, of Reno, Nev., for plaintiff.

Platt & Sinai, of Reno, Nev., for defendant.

NORCROSS, District Judge.

This is an action at law by plaintiff to recover judgment against defendant for a balance due upon a promissory note, executed by defendant to the Reno National Bank as payee. The answer of defendant denies that any sum is due, owing, or unpaid on account of said note. Further answering and by way of affirmative defense, defendant alleges that on December 3, 1932, defendant was the owner and holder of a claim against said bank in a sum in excess of the balance due on said note by reason of a check of said date drawn on said bank by defendant's wife, payable to plaintiff or order; that thereafter, on said date, defendant offered to pay said bank the full amount of its claim against him, by tendering to said bank said check, and made demand that said bank set off the amount of said check against the amount of his indebtedness, which offer

748

and demand was by said bank refused; that subsequent to the appointment of plaintiff as receiver, a similar tender and demand was made to and upon plaintiff, which was refused. Defendant prays judgment that plaintiff take nothing and that defendant have judgment to the extent of any sum remaining due to defendant from said bank after making a set-off of the amount of defendant's said claim against the claim sued upon by plaintiff.

The case was submitted upon an agreed statement of facts, which include the following: That up to about November 1, 1932, the Reno National Bank was doing a general banking business in the city of Reno, Nev.; that on December 12, 1932, the Comptroller of the Currency adjudged said bank to be insolvent and appointed plaintiff receiver thereof; that on May 1, 1931, defendant made, executed, and delivered his promissory note to said bank in the principal sum of $1,000, payable on demand with interest at 8 per cent.; that said note came into plaintiff's hands as a portion of the assets of said bank and at said time there was a balance due thereon in the sum of $550, together with interest from December 31, 1931; that on December 3, 1932, and for some time prior thereto, Mrs. Annie Block, wife of defendant, had on deposit in said bank in a checking account in her name an amount equal to or in excess of $650.81, and on said date she executed and delivered to plaintiff a check in said amount on said bank payable to plaintiff or order, and ever since said date defendant was and now is the owner and holder of a claim against said bank in the amount represented by said check; that, on the date of said check, defendant offered to pay to said bank the full amount of its claim as represented by said note, by tendering to said bank said check demanding that it set off the amount of said check against the amount of his said indebtedness, which tender and demand was by said bank refused; that said offer of payment, as aforesaid, has never been withdrawn or rescinded by defendant; that said bank and plaintiff still refuse to grant to defendant a set-off of the amount represented by said check against defendant's indebtedness to said bank; that defendant and his wife, for the purpose of this statement of facts, are considered as having testified that although said deposit was in the name of his wife, the money constituting the same was the property of defendant, and that said bank account was carried in his wife's name for reasons not material to this action; that the officers of the said bank, for the purpose of this statement of facts, are considered as having testified that they had no knowledge that said deposit was the property of defendant at the time the same was made or at any time subsequent thereto; that said bank closed October 29, 1932, at 12 m. and continued to be closed until December 3, 1932, and thereafter never reopened; and that defendant and his wife had knowledge on December 3, 1932, that said bank had been and was then so closed.

From the foregoing agreed statement it may be assumed that the bank was insolvent at the time it closed for business on October 29, 1932. Cantor v. Reno National Bank et al. (D.C.) 18 F.Supp. 931.

As the case is to be considered on the assumption that defendant and his wife have testified that although the deposit in the bank was in the name of the wife, said deposit was in fact the property of defendant, and as no testimony in conflict therewith is to be assumed as having been given, it is to be regarded as the fact that the said deposit was the property of defendant.

The fact that the officers of the bank had no knowledge that defendant was the real owner of the deposit account would not, we think, affect the legal question presented—whether defendant has a right of set-off as claimed. In this connection, however, it may be noted that in the absence of knowledge of facts that property in a wife's possession is her separate property, the presumption is that it is community property subject to the control of the husband. Lake v. Bender, 18 Nev. 361, 4 P. 711, 7 P. 74; Crawford v. Crawford, 24 Nev. 410, 56 P. 94; Malmstrom v. People's Drain Ditch Co., 32 Nev. 246, 107 P. 98; Laws v. Ross, 44 Nev. 405, 194 P. 465; Jones v. Edwards, 49 Nev. 299, 245 P. 292; Barrett v. Franke, 46 Nev. 170, 208 P. 435; Milisich v. Hillhouse, 48 Nev. 166, 228 P. 307; Hill v. Du Pratt, 51 Nev. 242, 274 P. 2. It is doubtless not an uncommon practice that checking accounts are carried in the name of the wife although such deposits would be unquestionably community property and subject to the law in respect thereto.

The rights of the respective parties to this suit is controlled by the status exist-

ing at the time of the insolvency of the bank. In the view taken of the case it is immaterial whether such insolvency existed at the time the bank closed its doors to business November 1, 1932, or as of the date taken over by the Comptroller of the Currency on December 12, 1932. While a number of questions have been considered in the briefs filed by respective counsel, the controlling fact is that whatever the time of insolvency, defendant was then indebted to the bank for a balance due upon his said note and that at such time he was the owner of the said deposit in the name of his wife. This being the fact, defendant is entitled to a set-off of such portion of such deposit as may be necessary to extinguish the indebtedness owing by him to said bank for balance of principal and interest on said note. Scott v. Armstrong, 146 U.S. 499, 13 S.Ct. 148, 36 L.Ed. 1059; Yardley v. Philler, 167 U.S. 344, 360, 17 S.Ct. 835, 42 L.Ed. 192; First National Bank v. Colby, 21 Wall. 609, 22 L.Ed. 687; Louis Snyders Sons Co. v. Armstrong (C. C.) 37 F. 18; Falkland v. St. Nicholas National Bank, 84 N.Y. 145; Armstrong v. Warner, 49 Ohio St. 376, 31 N.E. 877, 17 L.R.A. 466; Aidala v. Savoy Trust Co. (Sup.) 128 N.Y.S. 619; Douglas v. First National Bank, 17 Minn. 35 (Gil. 18); Citizens Bank v. Bowen, 21 Kan. 354; Mercer v. Dyer, 15 Mont. 317, 39 P. 314.

For the reasons stated, plaintiff is not entitled to recover in this action. Defendant is entitled to judgment as prayed for. Judgment will be entered accordingly.