FREDA CARLSON, APPELLANT *v.* T. A. McCALL, RESPONDENT.

No. 3739

June 24, 1954.                    271 P.2d 1002.

*George E. Marshall,* of Las Vegas, and *Luke J. McNamee,* of Los Angeles, California, for Appellant.

*Jones, Wiener & Jones,* of Las Vegas, for Respondent.

## OPINION

By the Court, EATHER, C. J.:

This is a suit to quiet title to a certain ranch property in Ash Meadows, Nye County, Nevada. The question involved upon this appeal is whether the Ash Meadows Ranch was the separate property of Freda Carlson or was community property and subject to execution to satisfy a judgment upon a community obligation. The Fifth judicial district court of the State of Nevada decreed that the property levied on was community property of O. H. Carlson and Freda Carlson and subject to execution; that by virtue of execution sale the title to said property became vested in T. A. McCall, trustee. Judgment was rendered against the plaintiff Freda Carlson, who has taken this appeal.

The following are the material facts which the court was entitled to consider:

On the first day of June, 1945, J. D. Masten and his wife Julia Masten, filed suit in the Fifth judicial district court of the State of Nevada, in and for the county of Nye, being case No. 5413, and at the same time attached the property, subject of this litigation, known as the Ash Meadows Ranch. O. H. Carlson, defendant in that action, is the husband of Freda Carlson, appellant herein. The Carlsons were married in 1925 and ever since have been and now are husband and wife. At the time of

the attachment, O. H. Carlson and Freda Carlson were the record owners of this property. The suit filed by the Mastens against Carlson was based upon a judgment obtained by Masten against O. H. Carlson in California in 1933. On August 9, 1948, Masten obtained judgment against O. H. Carlson in Nevada, in action No. 5413, in the district court of Nye County, in and for the State of Nevada, and the property previously attached was sold on execution sale to the defendant T. A. McCall upon his bid of $20,000.

After the attachment was levied and on July 26, 1945, O. H. Carlson by quitclaim deed conveyed his interest in the attached property to his wife, the appellant, Freda Carlson, who now brings this action to quiet her title. The substance of her cause of action is that on June 1, 1945, the property was all hers and O. H. Carlson had no interest in it, although he appeared as one of the record owners.

An examination of the record reveals that the respondent McCall owned this property originally.

According to McCall, in 1937 he purchased some mining machinery from O. H. Carlson. Carlson gave McCall a bill of sale, signed by Carlson's son, Ivan Carlson. To secure payment of the balance of the purchase price, McCall executed a mortgage on the Ash Meadows Ranch, in favor of Freda Carlson, in the sum of $1,800, payable February 25, 1939. McCall testified that all of his dealings were with O. H. Carlson; that the machinery was, in fact, the property of O. H. Carlson, and that the bill of sale came from Ivan Carlson, and the mortgage was in favor of Freda Carlson at the request of and for the protection of O. H. Carlson, who had been adjudicated a bankrupt in 1934, and was merely attempting to protect himself; that, at the very time all of these transactions took place, the Mastens had an outstanding judgment in the amount of some $39,000 against O. H. Carlson, which judgment had never been satisfied.

O. H. and Freda Carlson, in their testimony, denied

that O. H. Carlson ever had any interest in the machinery and asserted that it all belonged to Freda Carlson.

McCall could not meet his payments on the note, and by 1941 the Carlsons were threatening foreclosure of the mortgage. An amicable arrangement was worked out between the parties whereby McCall deeded the ranch to O. H. Carlson and Freda Carlson, and took back from them a lease and option to buy. It was understood by all that if McCall raised sufficient money to pay his indebtedness to the Carlsons by the end of the lease period, he was to get the ranch back. McCall did not raise the required money within the option period, and the property was left standing in the names of O. H. Carlson and Freda Carlson, with McCall having forfeited all his interest therein. McCall subsequently brought an action to establish an equitable mortgage in the property. McCall lost his suit, and the title was quieted in O. H. Carlson and Freda Carlson, in this same action on June 26, 1945. Such was the state of title at the time the Mastens attached the property.

All property acquired after marriage, by either husband or wife, or by both, is presumed to be community property, and the burden is on that party who would claim it as separate property to overthrow this presumption. Before the presumption may be overthrown the evidence must be clear and satisfactory.

We believe that no other safe rule can be laid down than that property or money once a part of the community will be presumed, as against creditors, to remain such until shown by clear, certain, and convincing proof to have been transmuted into separate property. Lake v. Bender, 18 Nev. 361, 4 P. 711, 7 P. 74. It is conceded that property acquired during coverture presumably belongs to the community. The burden is on the person claiming it as separate property to overcome this

presumption by proof sufficiently clear and satisfactory to convince the court of the correctness of such claim.

Chief Justice HAWLEY, in an opinion filed in Lake v. Bender, supra, 18 Nev. at page 401, 4 P. at page 735, quoted approvingly as follows from Meyer v. Kinzer, 12 Cal. 247, 73 Am. Dec. 538:

"The presumption, therefore, attending the possession of property by either, is that it belongs to the community; exceptions to the rule must be proved. * * * This invariable presumption which attends the possession of property by either spouse during the existence of the community, can only be overcome by clear and certain proof. * * *"

And in In Re Warner's Estate, 167 Cal. 686, 140 P. 583, 584, the court said:

"It is undoubtedly true that the presumption which attends the possession of property by either spouse may only be overcome by clear and certain proof that it is really separate property."

See also Milisich v. Hillhouse, 48 Nev. 166, 228 P. 307; Laws v. Ross, 44 Nev. 405, 194 P. 465; Jones v. Edwards, 49 Nev. 299, 245 P. 292; Petition of Fuller (Brine v. Fuller), 63 Nev. 26, 159 P.2d 579 and cases cited therein.

The plaintiff in this case was confronted with the necessity of overthrowing the presumption of law that the Ash Meadows Ranch property was community property. It may be observed that it appears from the opinion of the trial judge, which is incorporated in the record, that he rejected the testimony of Freda Carlson. The trial judge filed a long opinion, showing studious and careful consideration of the facts.

Can we say, in view of the circumstances, that there was such "clear and certain" or "convincing" proof that the property was the separate property of the plaintiff? The trial court held that there was not, and we think it was justified in its conclusion.

The property was acquired by the parties after marriage and was taken in the name of both parties, so a presumption would arise that the property was community. The plaintiff presented evidence as to the source of the funds used in its acquisition. This testimony the trial court found to be full of inconsistencies which reflected upon its credibility. In his opinion the trial judge made it plain that he did not feel the weight of this testimony was sufficient to overcome the presumption. Appellant contends that in many important respects the testimony was undisputed and wholly credible. However, in such a case as this, the duty of the trier of facts is to assess the credibility of witnesses and to determine what weight their testimony should have. It is not for this court to instruct the trier of facts as to which witnesses, and what portions of their testimony, are to be believed. Kitselman v. Rautzahn, 68 Nev. 342, 232 P.2d 1008; Canepa v. Durham, 65 Nev. 428, 198 P.2d 290; Canepa v. Durham, supra, 65 Nev. at pages 452, 453, 202 P.2d 286; Curti v. Franceschi, 60 Nev. 422, 111 P.2d 53, 112 P.2d 819.

The trial court, in deciding the case, applied the correct principles of law; Petition of Fuller (Brine v. Fuller), 63 Nev. 26, 159 P.2d 579; Veterans' Welfare Board v. Liebhart, 50 Cal.App. 179, 122 P.2d 693; In Re Rolls' Estate, 193 Cal. 594, 226 P. 608; In Re Jolly's Estate, 196 Cal. 547, 238 P. 353; de Funiak, Principles of Community Property, Vol. 1, page 140, and cases cited therein, and we cannot say that it erred in its findings of fact.

From a consideration of the entire record it is clear that the judgment and the order denying new trial must be affirmed, with costs.

It is so ordered.

MERRILL and BADT, JJ., concur.