DOUGLAS SPENCER AND ASSOCIATES, a NEVADA CORPORATION, APPELLANT, v. LAS VEGAS SUN, INC., a NEVADA CORPORATION, RESPONDENT.

No. 5423

April 15, 1968                              439 P.2d 473

*Stanley W. Pierce,* of Las Vegas, for Appellant.

*Singleton, DeLanoy & Jemison,* of Las Vegas, for Respondent.

**OPINION**

By the Court, BATJER, J.:

During the months of December 1965 and January and February, 1966, Douglas Spencer and Associates placed numerous classified advertisements with respondent newspaper, the Las Vegas Sun. Douglas Spencer and Associates were billed for the advertisements and the bills were paid. In subsequent months additional advertisements were placed with the respondent, bills were mailed, but payment was not received.

On April 21, 1966, the respondent filed suit against the appellant for the balance alleged to be due for the advertising, together with costs and attorney fees.

In its answer, the appellant admitted being a corporation duly organized and operating under the laws of the State of Nevada, denied all other allegations in the complaint, and as an affirmative defense, alleged that the respondent had failed to state a claim upon which relief could be granted.

The case was tried before the district court without a jury. Evidence was introduced by the respondent to establish its claim. Through its questions on cross examination, the appellant intimated that the debt was not owed by the appellant, but was probably an obligation of Douglas Spencer and Associates, Mortgage Bankers, a California corporation. The appellant called Lee Potter as a witness, and Potter testified that he was the president of both Douglas Spencer and Associates, Limited, a Nevada corporation, the appellant, and Douglas Spencer and Associates, Mortgage Bankers, a California corporation, that both corporations had the same officers and directors, the same

mailing address, and occupied the same building, but that the appellant was a holding company with no property or employees, and that appellant had placed no advertising with the respondent.

No other evidence was offered to support appellant's position.

As its only assignment of error the appellant contends that the respondent failed to prove its claim against the appellant, and that the judgment was contrary to the laws and the evidence.

The record reveals that respondent sent bills for advertising to "Douglas Spencer and Associates," and that "Douglas Spencer and Associates" for a period of time paid those bills but failed to pay subsequent bills.

At the time of the trial, the question seemed to be, "Will the real Douglas Spencer and Associates please stand up?" Nothing more than the oral testimony of the mutual president of both corporations was offered. The cancelled checks, as evidence of payment to respondent for previous advertising, were in Potter's control, and available to the appellant, and their introduction could have helped to establish the identity of the proper defendant. Those cancelled checks were not produced and, as suggested by respondent, the presumption found in NRS 52.070(5)[1] can be relied upon to sustain the judgment.

We find there was substantial evidence introduced by the respondent to support the judgment. The trial court as the trier of fact, had the right to consider the credibility of the witnesses, and even though the respondent introduced no direct evidence to refute or discredit the testimony of Potter, it was the prerogative of the trial judge to disbelieve testimony concerning the intricate relationships between the two corporations with very similar names and the same officers, directors and business location.

In the case of Polk v. Polk, 39 Cal.Rptr. 824 (1964), the court said: "The trier of fact, as the exclusive judge of the credit and weight to be given the testimony of a witness, may reject such testimony even though uncontradicted or unimpeached when he does not act arbitrarily but does so upon sound and relevant considerations, such as the inherent

---

[1] NRS 52.070(5). "That evidence willfully suppressed would be adverse if produced."

improbability of the statements, the interest of the witness in the case, his motives, and the manner in which he testifies."

In the case of Hinchcliffe v. Pinson, 74 S.E.2d 497 (Ga. 1953), the court said: "The fact finding tribunal has a greater discretion in exercising its judgment as to the credit of a witness who is a party to the cause, from the facts of his interest, than as to one whose interest is not involved. (Citing cases.) Had the judge trying the case believed the defendant's testimony, he must necessarily have rendered a finding for the defendant. But the credibility of the defendant, and also that of the witness, Barton, who testified for her, were under the circumstances of this case, matters within the province of the court, sitting as judge and jury, to determine."

It is the prerogative of the trier of facts to evaluate the credibility of witnesses and determine the weight of their testimony, and it is not within the province of the appellate court to instruct the trier of fact that certain witnesses or testimony must be believed.

In the case of Carlson v. McCall, 70 Nev. 437, 271 P.2d 1002 (1954), this court said: "However, in such a case as this, the duty of the trier of facts is to assess the credibility of witnesses and to determine what weight their testimony should have. It is not for this court to instruct the trier of facts as to which witness, and in what portions of their testimony, are to be believed." Berto v. Wilson, 74 Nev. 128, 324 P.2d 843 (1958).

It cannot be said that the trial court arbitrarily disregarded the testimony of appellant's witness, and this being so, judgment for the respondent was supported by the evidence.

Affirmed with costs.

THOMPSON, C. J., COLLINS, ZENOFF, and MOWBRAY, JJ., concur.