[No. 1205.]

SALVATORE MILIANI, Respondent, *v.* JOSEPH TOGNINI
ET AL., Appellant.

CONTRACT—RIGHT OF ACTION—BENEFICIAL INTEREST.—A plaintiff may maintain an action on a simple contract, to which he was not a party, upon which he was not consulted, and to which he did not assent, when it contains a provision for his benefit.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

The facts are stated in the opinion.

*H. K. Mitchell*, for Appellant:

There is not any contract or privity of contract in this action to entitle plaintiff to recover. The complaint or testimony does not bring plaintiff within any of the exceptions of the general rule stated in the authorities. (1 Whar. on Con., secs. 506–7; 2 Ib., sec. 784; *Vrooman* v. *Turner*, 69 N. Y. 280;[1]

---

1   25 Am. Rep. 195.

*National Bank* v. *Grand Lodge*, 98 U. S. 123; *Mellin* v. *Whipple*, 1 Gray, 321; *Millard* v. *Baldwin*, 3 Gray, 484; *Treat* v. *Stanton*, 14 Conn. 445; *Morrison* v. *Beckey*, 6 Watts, 49; *Carr* v. *National Bank*, 107 Mass. 45;[1] *Exchange Bank* v. *Rice*, 107 Mass. 41.[2])

*Baker & Wines*, for Respondent:

Appellants, for the purpose of obtaining possession of the wood, and settling a dispute, made the debt owing by Cesa their own; hence their promise was to pay their own debt. (*Wyman* v. *Goodrich*, 26 Wis. 21; *Putney* v. *Farnham*, 27 Wis. 187; *Nelson* v. *Boyonton*, 3 Met. 400;[3] *Shook* v. *Vanmater*, 22 Wis. 532; *Alcalda* v. *Morales*, 3 Nev. 132; 1 Par. on Cont. 438, note n; *Stoddard* v. *Mix*, 14 Conn. 21–22; *Barlow* v. *Ocean Ins. Co.*, 4 Met. 270; *White* v. *Hoyt*, 73 N. Y. 505.)

By the Court, LEONARD, J.:

Plaintiff cut for Charles Cesa two hundred and eleven and seven eighths cords of wood, at an agreed price of one dollar and fifty cents per cord, amounting in all to three hundred and seventeen dollars and eighty cents, and no part of said sum has been paid. There was a dispute between Cesa and defendant in relation to the wood, which was in possession of Cesa. In order to obtain possession from Cesa, defendants undertook and agreed with Cesa to pay plaintiff the amount due the latter for cutting the wood, to wit, three hundred and seventeen dollars and eighty cents, and in consideration of that agreement, and to compromise and settle the dispute before mentioned, Cesa delivered the wood to defendants. Plaintiff recovered judgment for the amount claimed. Defendants appeal from the judgment, and ask a reversal on the ground that there was no contract or privity of contract between plaintiff and defendants.

The precise question presented is this: Can a plaintiff maintain an action on a simple contract to which he is not a party, upon which he was not consulted, and to which he did not assent, when it contains a provision for his benefit? Besides, the statute which provides that " every action shall be prosecuted in the name of the real party in interest," this court has held in three different cases that the beneficiary named in such a contract may maintain an action thereon in his own name.

1  9 Am. Rep. 6.          2  9 Am. Rep. 1.          3  37 Am Dec. 148.

Points decided.

(*Ruhling* v. *Hackett*, 1 Nev. 370; *Alcalda* v. *Morales*, 3 Nev. 137; *Bishop* v. *Stewart*, 13 Nev. 35. See also 2 Whar. Cont., sec. 785, and the numerous authorities there cited; *McDowell* v. *Laev*, 35 Wis. 175; *Lawrence* v. *Fox*, 20 N. Y. 268; *Hendrick* v. *Lindsay*, 93 U. S. 143; *Dingledein* v. *Railroad Co.*, 37 N. Y. 577.)

In consideration of a delivery of the wood by Cesa to them, defendants agreed to pay plaintiff Cesa's indebtedness. In this promise the exclusive beneficial interest is in plaintiff.

Judgment affirmed.