ACOUSTICS, INC., A CALIFORNIA CORPORATION, APPELLANT v. AMERICAN SURETY COMPANY OF NEW YORK, A NEW YORK CORPORATION, RESPONDENT.

No. 4027

January 20, 1958.                                    320 P.2d 626

*Morton Galane,* of Las Vegas, for Appellant.

*Morse, Graves & Compton,* of Las Vegas, for Respondent.

# OPINION

By the Court, MERRILL, J.:

This action arises out of a construction contract and the surety bond issued to the owner in connection therewith. The action is brought upon the bond against the surety by an unpaid subcontractor. Plaintiff's complaint was ordered dismissed by the trial court upon the ground that the bond by its terms conferred no rights upon job creditors and was limited to indemnification of the owner. Upon this appeal by the plaintiff creditor the sole question is whether the trial court erred in so construing the bond.

The bond is entitled "Contract Bond." It recites that the owner had entered into a contract with the McGrath Construction Company of Las Vegas, Nevada for construction of a shopping center in Las Vegas and provides that that contract "by specific reference is made a part hereof." The conditions of the surety's obligations are stated as follows: "The condition of this obligation is such that if the principal shall faithfully perform the contract on his part, and shall fully indemnify and save harmless the owner from all cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the owner all outlay and expense which the owner may incur in making good any such default, then this obligation shall be null and void, otherwise, it shall remain in full force and effect." A further significant proviso contained in the bond is as follows: "Further provided that the aggregate liability of the surety under this bond to owner, lender, laborer, or materialman, shall be limited to the penal sum herein fixed."

By the construction contract which was by reference

made a part of the bond the contractor promised the owner that it would pay all valid bills of subcontractors.

A combination of two well-recognized principles of law compels the conclusion that the trial court erred in its construction of the bond.

First: Where a contract contains a promise for the benefit of one not a party to the contract, the third party beneficiary has a direct right of action against the promisor. Painter v. Kaiser, 27 Nev. 421, 76 P. 747, 65 L.R.A. 672; Miliani v. Tognoni, 19 Nev. 133, 7 P. 279; Alcalda v. Morales, 3 Nev. 132; Ruhling v. Hackett, 1 Nev. 360.

Second: While words of condition are not, in form, words of promise, yet in cases of penal bonds they must be so construed. Otherwise the sole and unlimited promise of the surety is payment of the penal sum. The conditions are therefore construed to be promises in the form of an undertaking. See Corbin, Contractors' Surety Bonds, 38 Yale L.J. 1, 13.

The surety, then, has by the terms of its bond expressly undertaken the obligations of the general contractor in all respects. If the contractor fails to perform, the surety has promised performance. It has thus promised that it will pay the subcontractors. The subcontractor is a third-party beneficiary of the surety's promise. Corbin, supra, 38 Yale L.J. 11, states "A surety bond that is conditioned on full performance of his contract by the principal, will operate in favor of such third parties as the principal, by his contract with the promisee, undertakes to pay; the bond need be no more specific." This proposition is supported by a substantial body of authority. Cooke v. Luscombe, 132 Kan. 147, 294 P. 849; Barringer v. Fidelity & Deposit Co. of Maryland, 161 So.C. 4, 159 S.E. 373; Indemnity Ins. Co. of North America v. Stamberger Co., 37 Ohio App. 236, 174 N.E. 629; Algonite Stone Manufacturing Company v. Fidelity

& Deposit Company, 100 Kan. 28, 163 P. 1076, L.R.A. 1917 D, 722; Orinoco Supply Co. v. Shaw Bros. Lumber Co. et al., 160 N.C. 428, 76 S.E. 273, 42 L.R.A., N.S., 707.

The surety contends (and the trial court held) that the nature of the bond read as a whole is that of an indemnity bond. It contends that the promises flowing from the words of condition must be construed in this light; that both bond and contract were written for the protection of the owner and that the benefit to creditors is purely incidental and must be held limited to such protection as is necessary only to indemnify the owner.

The nature of the bond cannot be said to be clearly set forth. Rather, it would appear to fall in a middle zone between two classes of bonds: those which expressly give creditors a direct right of action against the surety and those which expressly limit the rights under the bond to those of indemnification. We note in this bond that the condition of performance is not limited (as is frequently the case) to performance of the construction work agreed to be performed. On the contrary, the condition, without limitation, is the performance of the contract. We note that the condition of performance is conjunctively rather than disjunctively linked to the conditions of indemnification and reimbursement. The surety's construction of the instrument requires us to change "and" to "or". We note that in limiting rights under the bond to the penal sum fixed, the bond implies that those acquiring such rights include not only owner and lender but also laborer and materialman. In short, the bond, if it was intended to be limited to an undertaking for indemnification, is poorly drawn.

The responsibility for draftsmanship falls squarely upon the surety. If it had been intended to limit the scope of the bond to indemnification it would have been an extremely simple matter to make this intention plain and to eliminate inconsistent expressions. The current of authority now is that the contract of a compensated surety is to be interpreted liberally in the interest of the promisee and beneficiaries, rather than strictly in favor of the surety. Day v. Walton, 199 Tenn. 10, 281 S.W.2d

685; Knuth v. Fidelity & Casualty Co. of N.Y., 275 Wis. 603, 83 N.W.2d 126; Colonial Oil Co. v. U. S. Guarantee Co., 56 F.Supp. 545, affirmed 5 Cir., 145 F.2d 496; U. S. Fidelity & Guarantee Co. v. Stark, 102 Ind.App. 222, 200 N.E. 489; See 50 Am.Jur. 1112, Suretyship sec. 318.

We conclude that since the limited nature of the instrument (for which the surety contends) does not appear with clarity, it cannot be permitted by implication to supply unexpressed limitations upon the obligation of the surety. The promise of performance of the contract must be accepted at face value.

Reversed and remanded with instructions that the order of dismissal be set aside and for further proceedings.

BADT, C. J., and EATHER, J., concur.