ARDSLEY, INC., A NEVADA CORPORATION, APPELLANT, v. UNITED PACIFIC INSURANCE COMPANY, A CORPORATION, RESPONDENTS.

No. 4107

December 22, 1958.                    332 P.2d 1000.

*Zenoff & Magleby,* of Las Vegas, for Appellant.

*George E. Franklin, Jr.,* of Las Vegas, for Respondent.

## OPINION

By the Court, MERRILL, J.:

Upon this appeal we are concerned with the extent of a surety's liability upon a bond given for completion of a construction contract. Judgment was rendered by the trial court against the surety and in favor of the owner in the sum of $4,222.13. The owner has taken this appeal, contending that the judgment was erroneously reduced

by the sum of $6,019.65 and should have been entered in the sum of $10,241.78.

The construction contract was between appellant as owner and one Terlizzi as builder. Pursuant to the terms of the contract the sum of $20,000 was paid by the owner into escrow under instructions that it be paid out to the builder as work progressed.

A surety bond was provided by the builder with the respondent serving as surety. The condition of the surety's obligation was failure of the principal to "faithfully perform all the provisions of said contract and pay all laborers, mechanics, subcontractors, materialmen and all persons who shall supply said principal or said subcontractors with provisions and supplies for the carrying on of such work."

During the progress of construction certain sums were disbursed by the escrow holder in accordance with the agreement. The sum in issue, $6,019.65, was disbursed prematurely and contrary to the escrow instructions.

The builder defaulted in completion. This action was initiated in the court below by certain materialmen and subcontractors as a lien foreclosure suit. The owner brought in the surety upon a third party complaint.

The trial court ruled that premature payment of the sum of $6,019.65, contrary to the terms of the construction contract, constituted a material variance of the terms of the contract and held the same to be a pro tanto exoneration of the surety's obligation.

It is conceded that the sums so prematurely paid were owed by the builder upon the contract in question. Under the terms of the surety bond the builder's obligation to pay these claims became the obligation of the surety upon the builder's default. Acoustics, Inc. v. American Surety Co., 74 Nev. 6, 320 P.2d 626. Had the claims not been paid out of escrow the surety would have eventually had to pay them. The surety was not, then, prejudiced by the fact that payment was premature. There being no prejudice to the surety resulting from the owner's breach, that breach will not release the surety. Corporation of President of Church of Jesus Christ of

Latter-Day Saints v. Hartford Accident & Indemnity Company, 98 Utah 297, 95 P.2d 736.

It was, then, error to deduct from the amount due to the owner the sums prematurely paid.

The surety company contends that even though this be so judgment should be affirmed. The trial court, it contends, erred in favor of appellant in an amount which more than offsets the amount in issue.

The total construction cost was fixed at $35,000. The contract provided, "$20,000 deposited in Escrow, Balance of $15,000 payable to Mike Terlizzi in form of a First Trust Deed, payable $350 per month or more, 6% interest excluded in payment, payments to start 30 days after Notice of Completion filed. Note due and payable in full in five (5) years from date of Note."

The note and trust deed were delivered prior to the commencement of construction. The note was promptly negotiated by the builder.

The surety company contends that this was contrary to the terms of the contract and a variance prejudicial to the surety. It construes the contract as providing that the note would not be delivered until after completion of the contract and quite reasonably points out that had delivery been withheld the surety company would have had recourse to the sum of $15,000 now lost to it.

The contract, however, said nothing about the date of delivery of the note. The escrow instructions clearly showed the intention of both builder and owner that delivery should precede commencement of construction. These escrow instructions were executed prior to the execution of the surety bond and were available for examination by the surety.

The trial court ruled that, considering the ambiguity of the construction contract upon the question of delivery, it was incumbent upon the surety company to ascertain the facts. This conclusion we regard as reasonable.

It is ordered that judgment in favor of appellant be modified by increasing the sum thereof from $4,222.13

to $10,241.78. As so modified judgment is affirmed with costs to the appellant.

BADT, C. J., concurs.

(NOTE: MCNAMEE, J., having become a member of the Court after argument and submission of the case, did not participate in the foregoing opinion.)