T. W. RICHARDSON AND NEVROY CORPORATION, A NEVADA CORPORATION, APPELLANTS, v. WILLIAM MINKER, RESPONDENT.

No. 4348

May 2, 1961

361 P.2d 669

*Morse & Graves*, of Las Vegas, for Appellants.

*Murray Posin*, of Las Vegas, for Respondent.

## OPINION

By the Court, PIKE, J.:

This appeal is from a judgment for $2,000 plus interest, based upon a promissory note, entered in favor of respondent.

Appellant Richardson owned 60 percent of the corporate stock of appellant Nevroy Corporation. On February 18, 1957 Richardson delivered to respondent Minker a negotiable promissory note bearing the same date. Nevroy Corporation was the maker of said note, by its terms due six months from date thereof, and Richardson was the payee named therein. Prior to the delivery of the note to Minker, Richardson wrote the following notation on the same, "I hereby assign the within note to William Minker. (Signed) T. W. Richardson."

When the note was not paid upon maturity, Minker brought suit on the note against Richardson as indorser and, upon order of the court, Nevroy Corporation, the maker of the note, was subsequently joined as a defendant in the action. Defendants' answer admitted the execution and delivery of the note to Richardson by Nevroy Corporation but, by way of affirmative defense, denied that the note was indorsed by Richardson and alleged that said note was delivered by Richardson to Minker without consideration of any kind.

However, there was evidence that on the date of such delivery respondent Minker delivered to Richardson respondent's personal check payable to Richardson in the sum of $2,000, which Richardson indorsed and caused to be deposited in the bank account of Nevroy Corporation.

Both Richardson and Nevroy Corporation offered evidence in support of their contention that Minker had taken the promissory note with knowledge of and subject to the condition that said note would be paid only if Nevroy Corporation should earn profits with which to pay the same. Appellants also sought to prove failure of consideration. In this connection appellants produced evidence seeking to establish that Minker had purchased certain stock in Nevroy Corporation and had also, as

a stockholder, been subjected to a substantial assessment in connection with additional corporate financing, and that the $2,000 paid by Minker to Richardson was on account of these obligations, with Richardson acting as a mere conduit for the transmission of the funds from Minker to the corporation. Also there was evidence that, as Nevroy Corporation was insolvent, payment of the note from corporate profits would not be made.

Richardson contended that the writing placed on the note, including his signature, was a mere assignment of his rights in the instrument and was not such an indorsement of the same as to cause him to be personally liable.

The trial court found that the placing of the notation upon the note by Richardson constituted an indorsement of the same by him. NRS 92.070 provides that, "A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." In the instant situation no such qualifying language appeared. See also 8 Am.Jur., Bills and Notes, sec. 320, p. 55. As an indorser of the negotiable promissory note Richardson was subject to the warranties set forth in NRS 92.073, which included the warranty that, should payment be refused, he would undertake to pay the amount of the note to the holder. The finding of these facts, each supported by substantial evidence, in favor of respondent, sustains the judgment entered against Richardson as indorser of the promissory note.

Minker testified that while he had entered into a prior arrangement for the purchase of stock in the corporation, which had a condition for the repayment of funds similar to those sought to be imposed upon the instant promissory note, the prior transaction was completely separate and distinct from the present one in which he had paid Richardson $2,000 in consideration of Richardson indorsing and delivering the promissory

note to Minker. The trial court accepted Minker's testimony on this point and concluded that the factual situation constituted Minker a holder in due course under the provisions of NRS 92.059. The court thereupon entered judgment in favor of Minker and against Nevroy Corporation.

Appellants' specifications of error, seven in number, are not set out with particularity herein for the reason that those specifications, pertaining to contended errors of law on the part of the trial court, lack persuasiveness when it is recognized that the purported facts to which appellants seek to relate them have in each instance been determined in a manner adverse to appellants' contention. Each finding of fact so made by the trial court is supported by substantial evidence.

Affirmed, with costs to respondent.

BADT, C. J., and McNAMEE, J., concur.