IN THE MATTER OF THE ESTATE OF HARRY W.
PARKER, DECEASED.

BESSIE BIRD, FRANK J. PARKER, LILLIAN
DuNESME, HAROLD PARKER AND EARL
CHERRINGTON, APPELLANTS, *v.* MARY JEAN
MASON, RESPONDENT.

No. 4418

November 27, 1961                    366 P.2d 338

*George E. Franklin, Jr.,* of Las Vegas, for Appellants.

*Edward G. Marshall,* of Las Vegas, for Respondent.

## OPINION

By the Court, BADT, C. J.:

This is an appeal from an order admitting to probate a document dated January 11, 1960, as the last will of the above-named decedent. Although the written opposition to the probate of such will alleged that it was a forgery, that it was not executed as required by statute, that the decedent was not of sound mind, that his signature was procured by fraud and undue influence and that he acted under duress, appellants assert that the sole theory advanced by their opposition was that the will was a forgery—that it was typewritten by the proponent, respondent herein, who was the sole beneficiary, above the authentic signature of the testator. We deal

then with this sole ground of contest. The issue is further limited by appellants' opening brief, which restricts it to the question whether the order admitting the will to probate "was supported by the preponderant weight of evidence that it was the last testamentary disposition of the testator." The assignment of error is that the admission of the will to probate is "contrary to the weight of the evidence which disclosed said document to be a forgery." This is even more sharply pinpointed by appellants' opening statement that the appeal "concerns itself primarily with the question of the weight and sufficiency of the evidence to sustain the lower court's ruling." Translated into terms which we must recognize as firmly established by this court, the issue is whether there is sufficient evidence to support the probate court's finding that the will is not a forgery but that it was duly executed by the testator in the manner required by law and was duly made, published, and declared by him to be his last will and testament.

Appellants' brief and oral argument urge that this court weigh the evidence and reject the trial court's findings. This was likewise urged in In re Estate of Peterson, 77 Nev. 87, 360 P.2d 259, 263, under the contention that will contests are purely of equitable cognizance and that it is the duty of this court to weigh the evidence and direct the entry of such judgment as we might consider proper. We there said: "Such is not the rule in Nevada. Agricultural Insurance Co. of Watertown, N. Y. v. Biltz, 57 Nev. 370, 64 P. 2d 1042. As in cases at law, we do not disturb the findings of the court or the jury when supported by substantial evidence." We said further in that case: "Since our duty begins and ends with a determination of whether there is adequate substantial evidence to support this finding, it would be idle to attempt to analyze the evidence submitted by appellant in conflict with that offered by the respondents."

Respondent, the two subscribing witnesses, and a fourth witness at the trial all testified that they saw the testator sign the will in question. The trial court heard

them so testify and observed their demeanor while testifying on direct and cross-examination. It accepted their testimony as true. It cannot be denied that this was adequate substantial evidence in support of the finding that the will was not a forgery.

We must frankly concede that the evidence presented by the contestants threw grave suspicions and doubts upon the authenticity of the will, but these were resolved against the contestants by the trier of the facts.

The order admitting the will to probate is affirmed.

McNAMEE and THOMPSON, JJ., concur.