A. W. MILLER, WM. PENNINGTON, WM. V. PEN- NINGTON, LARRY BURROR AND R. REDELIUS, APPELLANTS, v. JOHN V. LEWIS AND JAMES J. McBRIDE, RESPONDENTS.

No. 4745

September 25, 1964                    395 P.2d 386

*Frank R. Petersen,* of Reno, for Appellants.

*John J. McCune,* of Reno, for Respondents.

## OPINION

By the Court, BADT, C. J.:

Plaintiffs (appellants herein) sued defendants (respondents herein) in tort for damages resulting from the defendants' alleged fraud and deceit. From a judgment in favor of defendants, plaintiffs have appealed. The sole assignment of error is "that there is legal insufficiency in the evidence to sustain the judgment."

The occasions at which the fraudulent and deceitful statements of defendants are alleged to have been made were four meetings between the parties, one at the office of appellant Redelius, one at the Holiday Hotel, one at the offices of the Sno-Lite Co., and one at the offices of attorney Emerson Wilson at the Nevada Title Guaranty Company, all in Reno, Nevada. The testimony of the plaintiffs in support of the allegations of fraud and deceit were all categorically denied by the testimony of the defendants.

The court in its findings and conclusions said: "The burden of proof in establishing fraud is upon plaintiffs. A party alleging fraud must clearly and distinctly prove the fraud as alleged, or as has been said, fraud must be established by clear and convincing proof. Gruber v. Baker, 20 Nev. 453 [23 P. 858, 9 L.R.A 302]; Tallman v. First National Bank of Nevada [66 Nev. 248], 208 P.2d 302.

"The only testimony as to the making of the alleged promises and representations upon which plaintiffs' case is predicated is that of plaintiffs themselves. The other non-party witnesses, Catron and Wilson, did not testify that such representations were made in their presence.

\* \* \* \* \*

"Plaintiffs have not sustained the burden of proof in establishing their claim of fraud.

\* \* \* \* \*

"As stated supra, I have determined that the plaintiffs have not met the requisite burden of proof in establishing that the alleged fraudulent representations were made. The other issues touched upon are, however, inherent in the action, and I have therefore alluded to them as demonstrating that plaintiffs would not, in any event, be entitled to the relief prayed for."[1]

In oral argument counsel frankly recognized the rule consistently followed by this court that the trial court's findings based on conflicting evidence would not be disturbed by this court, but urged that the rule not be followed in this appeal, and that the appeal should stand or

---

[1]The other issues referred to were (1) that the representations, even if made, were not actionable; (2) that they did not relate to a past or existing fact and were merely promissory in nature; (3) that plaintiffs did not show that they suffered damage or injury as a result of the defendants' alleged fraud; (4) that a certain option which plaintiffs contended they had surrendered by reason of defendants' representations was non-existent; (5) that plaintiffs' primary claim for loss of profits was without support; (6) that as to appellant Redelius, the latter had no discussion of any matters with the defendants and admits that no representations were made to him; (7) that the oral promises of defendants, as alleged by plaintiffs, and the reliance thereon, would constitute an oral contract involving the sale of real property which could not be performed within one year, and that the action even though sounding in tort, had as an essential element an oral contract barred by the statute of frauds. None of these issues requires discussion.

fall on this point. We find no difficulty in applying the rule in this as in other cases.

Judgment affirmed with costs.

MCNAMEE and THOMPSON, JJ., concur.