BARTSAS REALTY, INC., Appellant, v. HERSHEL LEVERTON and FIRST NATIONAL BANK OF NEVADA, Executor of the Estate of Louis A. Woitishek, Also Known as L. A. Woitishek, Deceased, Respondents.

No. 5155

February 9, 1967                    423 P.2d 397

---

*Gregory & Gregory,* of Las Vegas, for Appellant.

*Jones, Wiener & Jones,* of Las Vegas, for Respondent Hershel Leverton.

*Samuel S. Lionel,* of Las Vegas, for Respondent First National Bank of Nevada.

## OPINION

By the Court, ZENOFF, J.:

This case was considered once before by this court in Bartsas Realty, Inc. v. Leverton, 82 Nev. 6, 409 P.2d 627 (1966). A detailed statement of facts is set out in that opinion. The controversy concerns the claim of a real estate agency seeking payment of a commission.

Mrs. Bartsas, a principal in the realty company, had presented to the executor of the estate of Louis A. Woitishek an offer to purchase certain property from the estate. The offer was made on behalf of Louis Davidson, a principal in United States Development Company. The offer was refused by the executor. Mrs. Bartsas thereafter sought to reach Davidson for the purpose of submitting another offer on his behalf, but Davidson had retained Leverton as his new agent, although he had not so notified Bartsas. Leverton, for Davidson, submitted several additional offers which ultimately resulted in

the purchase of the property for Davidson under terms and provisions different from those contained in the offer made by Bartsas. The trial court affirmed the executor's agreement to pay the commission to Leverton, and Bartsas appealed.

We remanded the prior proceedings with the request that the trial court find specifically whether Bartsas Realty was the procuring cause of the sale. From that hearing, the trial court found that Leverton, not Bartsas, was the procuring cause of the sale and was therefore entitled to the commission from the executor representing the estate. Bartsas again appeals from the findings of the trial court.

1. The rehearing developed that Bartsas had had no further personal contact with Davidson after the first offer was rejected. She admitted that she did not have an exclusive listing of the property and that she had nothing to do with the negotiations between Leverton and the executor concerning the property. She further acknowledged that she was ineffective in her efforts to sell the property to Mr. Davidson, although she did send a letter to him after the first offer was rejected. Leverton, through his testimony, detailed his various offers to the executor on behalf of Davidson which culminated in the final agreement.

The lower court found that Bartsas had abandoned efforts to procure a sale to Davidson's company, that Bartsas' efforts on behalf of that company were ineffective and productive of no results, and that Bartsas was not the procuring and inducing cause of the sale. Accordingly, it was resolved that Leverton was the sole procuring and inducing cause of the sale.

It is not the function of this court to readjust factual findings specifically determined by the court below. Utter v. Casey, 81 Nev. 268, 401 P.2d 684 (1965); Bird v. Mason, 77 Nev. 460, 366 P.2d 338 (1961); LeMon v. Landers, 81 Nev. 329, 402 P.2d 648 (1965). This court on the first appeal was unable to rule as a matter of law that Bartsas was the procuring cause. We find no additional justification for doing so now from the record on rehearing.

There is substantial evidence to support the finding that she became ineffective with Davidson after her offer was made. Evidently Davidson no longer wanted her services. His reasons are unexplained, nor are they pertinent here. If the finding of the trial court is supported by substantial evidence this court

will sustain that determination. Lawry v. Devine, 82 Nev. 65, 410 P.2d 761 (1966); Harvey v. Streeter, 81 Nev. 177, 400 P.2d 761 (1966).

Affirmed.

THOMPSON, C. J., and COLLINS, J., concur.