THOMAS G. McMILLAN, APPELLANT, v.
S. J. TORRE, RESPONDENT.

No. 5499

September 26, 1968                    445 P.2d 160

*Stewart & Horton,* of Reno, for Appellant.

*Richards & Demetras,* of Reno, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

On March 22, 1963 S. J. Torre and California Lenders, Inc., entered into a written contract employing Torre as a real estate project manager. On May 18, 1964 the contract was terminated by a written bilateral agreement which contained a promise by the corporation to pay Torre $5,000 on July 1, 1964 and the balance of $5,000 on September 15, 1964 in satisfaction of unpaid salary.

On July 17, 1964 Thomas G. McMillan sent Torre his personal check of $4,000 in payment of the $5,000 installment of California Lenders, Inc., due on July 1st. He stated in his transmittal letter that $1,000 was being withheld for taxes. Thereafter no monies were paid, so Torre commenced suit against the corporation, McMillan, and the McMillan Mortgage Company. Torre pleaded in his complaint that the McMillan Mortgage Company was dissolving California Lenders,

Inc., and that McMillan was receiving assets of the corporation in exchange for which he was personally assuming corporate debts. McMillan was not present at the trial and his counsel presented no evidence. The trial judge awarded Torre judgment for $5,130 plus interest and costs against McMillan and California Lenders, Inc., jointly and severally.

McMillan appeals claiming that the evidence is insufficient to support the findings and that the findings of fact and judgment are outside of the pleadings.

1. McMillan admitted in a pretrial deposition that California Lenders, Inc., was being dissolved, that he was receiving assets of the corporation, and that he was assuming some of the obligations, including the one arising out of the lawsuit. California Lenders, Inc., was found liable. Therefore, McMillan is liable unless his assumption is not enforceable. He urges that the statute of frauds, NRS 111.220(2), voids his promise to answer for the debt of another because it was not proven to be in writing. But NRS 111.220(2) contemplates a promise in the nature of a surety. If the promise involved here was from McMillan to California Lenders, Inc., and not from McMillan to Torre, the contract, even if oral, between McMillan and California Lenders, Inc., is not voided by the statute of frauds and Torre may enforce the promise as a contractual third party beneficiary. 2 Corbin, Contracts § 363, at 261–63 (1950). See also Acoustics, Inc. v. American Surety Co., 74 Nev. 6, 320 P.2d 626 (1958); Miliani v. Tognini, 19 Nev. 133, 7 P. 279 (1885); cf. Wills v. Bank of Nevada, 23 Nev. 59, 42 P. 490 (1895). The contention that the statute of frauds was not applicable because of the above reason was raised for the first time by the court at oral argument. Counsel conceded the inapplicability of the statute of frauds if the promise ran from McMillan to California Lenders, Inc. In view of the uncontroverted admission of assumption by McMillan, his personal letter of July 17, 1964, in which he enclosed his personal check for $4,000 in partial payment of the debt of California Lenders, Inc., and the evidence that McMillan had received assets of California Lenders, Inc., it was permissible for the trial court to find that McMillan had personally assumed the debt of California Lenders, Inc., in exchange for assets of that firm. Therefore, unless the trial court's findings must be set aside because they are ambiguous or outside of the pleadings, McMillan's contentions have no merit.

2. The trial court found that McMillan was acting in his individual capacity at the time of the termination of the employment agreement and at the time he sent the $4,000 payment to Torre. There was an allegation in the complaint that McMillan had assumed the debts of California Lenders, Inc., in exchange for its assets. The findings should, if possible, be construed to support the judgment. Edmonds v. Perry, 62 Nev. 41, 140 P.2d 566 (1943); cf. Harold's Club v. Sanchez, 70 Nev. 518, 525, 275 P.2d 384, 388 (1954). And they should not be set aside unless clearly erroneous. NRCP 52(a). It is reasonable to construe the finding as determining that McMillan assumed the debt of California Lenders, Inc., owed to Torre in exchange for the corporation's assets. The finding is supported by substantial evidence. LeMon v. Landers, 81 Nev. 329, 402 P.2d 648 (1965); Bird v. Mason, 77 Nev. 460, 366 P.2d 338 (1961); Richardson v. Minker, 77 Nev. 220, 361 P.2d 669 (1961); Kraemer v. Kraemer, 76 Nev. 265, 352 P.2d 253 (1960).

Affirmed.

THOMPSON, C. J., COLLINS, BATJER, and MOWBRAY, JJ., concur.