HUGH O. COLEMAN, Appellant, v. JOHN F. BENSON AND DOROTHY E. BENSON, Respondents.

No. 5806

October 30, 1969 · 460 P.2d 158

*Stewart & Horton* and *Willard Van Hazel, Jr.,* of Reno, for Appellant.

*Bible, McDonald, Carano & Wilson,* of Reno, for Respondents.

## OPINION

By the Court, MOWBRAY, J.:

Appellant Hugh O. Coleman brought an action in the district court against the respondents Bensons to recover a $2,000

deposit made for the purchase of a condominium apartment. The trial judge denied Coleman's claim, and he has appealed. We reverse, and remand the case with instructions to enter judgment for Coleman.

In the summer of 1964, Mrs. Louis Coleman, appellant's mother, who is not a party to this action, and respondent Dorothy E. Benson discussed purchasing a condominium apartment at Crystal Shores West, Lake Tahoe, in Washoe County, Nevada. Mrs. Coleman took possession of the apartment, but she could not qualify as a purchaser; so Dorothy and her husband John agreed to buy the apartment. Mrs. Coleman remained in possession until July 1965.

In mid-October 1964, appellant Hugh O. Coleman discussed with the Bensons the possibility of purchasing the apartment. On October 20, 1964, Coleman sent the Bensons a $2,000 check and a letter expressing his desire to purchase the apartment. The Bensons acknowledged the letter, cashed the $2,000 check, and informed Coleman that an option agreement to purchase the apartment was being prepared and that it would be forwarded to him for his approval and signature. On October 31, 1964, Coleman received such an option agreement signed by the Bensons. The agreement provided for the total payment of $36,702.74 within 60 days, which sum included an item of $1,271.89, identified in the option agreement as "personal indebtedness, Mrs. Louis Coleman to Seller." The agreement provided among other things that if Coleman failed to complete the purchase on time, all funds deposited would be forfeited to the seller and that the "option shall be null and void if not accepted in writing within thirty (30) days from date herein."

Coleman never signed the option agreement. Instead, he demanded return of the $2,000 deposit, and when the Bensons refused to do so, he commenced the action in the district court. The Bensons answered and counterclaimed for the loss of certain furniture "valued in excess of $1,000.00." The case was tried in July 1968. At the time of trial the Bensons dropped their counterclaim for the furniture loss (it developed that the furniture had in fact belonged to Mrs. Coleman) and amended their pleadings to seek $3,500 rental for the time Coleman's mother was in the apartment.

The case was tried before the court sitting without a jury. At the conclusion of the trial, the court found among other things that: "Pursuant to oral negotiations Plaintiff [appellant Coleman] on October 20, 1964, issued to Defendants [respondents Bensons] his personal check in the sum of $2,000.00

toward the down payment which he now seeks to recover in this action. Defendants, upon receipt of the check personally prepared and sent to Plaintiff a Receipt and Option to Purchase, dated October 31, 1964 (Pl's. Ex. D), which by its own terms was to be 'null and void if not accepted within thirty (30) days from date herein.' *It was not accepted by Plaintiff as not being in accord with his understanding of the terms. . . . Defendants never made any demand or request for rental until their Amended Counterclaim was filed herein on the date of this trial for the period September to December 31, 1964. . . . It fairly appears to the Court that if rental was contemplated between the parties some such demand should have been made at least within a reasonable time after December, 1964."* (Emphasis added.)

Nevertheless, even in view of these findings the court went on to find that Mrs. Coleman, appellant's mother, who was not a party to the action, was "inextricably involved in this transaction"; that ". . . in view of the course of events that have transpired, Defendants are entitled to some consideration . . ."; and that therefore "The Court concludes that the only fair, equitable and just determination of this matter is to leave the parties where it finds them[,] not allowing judgment to either side. . . ."

The law has been well established and stated many times in Nevada that this court will not on appeal set aside a judgment of the lower court if there is substantial evidence in the record to support the court's decision. Briggs v. Zamalloa, 83 Nev. 400, 432 P.2d 672 (1967); Lawry v. Devine, 82 Nev. 65, 410 P.2d 761 (1966); Harvey v. Streeter, 81 Nev. 177, 400 P.2d 761 (1965); City of Henderson v. Henderson Auto Wrecking, Inc., 77 Nev. 118, 359 P.2d 743 (1961).

In this case we find that there is a lack of substantial evidence to support the court's finding that Coleman was not entitled to the return of the $2,000. We also find that the record is completely void of facts that would support any legal theory that would justify the retention of the $2,000 by the Bensons. The court found that the Bensons and Coleman had never reached an agreement for the purchase of the apartment, because by its very terms the option contract expired 30 days from date without Coleman's approval and signature. There was no rental agreement, express or implied, for Mrs. Coleman's use of the premises. At most it might be described

as nothing more than a gratuitous, permissive use which could have been revoked at any time during the period of occupancy at the option of the Bensons.

The judgment is reversed, and the cause is remanded to the district court with instructions to enter judgment in favor of appellant Coleman for $2,000 with interest from the date of Coleman's demand for the return of the deposit, plus costs and a reasonable attorney's fee, to be fixed by the district court.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.