ROBERT J. BRANDON, Individually, ROBERT J. BRANDON, Doing Business as BRANDON'S LTD. AND BRANDON'S, a Corporation, Appellants, v. CHARLES TRAVITSKY AND CHARLES TRAVIT- SKY Doing Business Under the Firm Name of AMERICAN DIAMOND MFG. CO., Respondents.

No. 6071

July 15, 1970                    472 P.2d 353

*Nelson, Bull & Hickey,* of Reno, for Appellants.

*Virgil D. Dutt* and *Larry R. Hicks,* of Reno, for Respondents.

# OPINION

By the Court, COLLINS, C. J.:

This is an appeal by appellant (defendant below) from a judgment in a trial to the court in favor of respondent (plaintiff below) in the amount of $7,345 together with prejudgment interest from October 15, 1963. We affirm the judgment but modify the date of the award of prejudgment interest.

Charles Travitsky was a jewelry wholesaler. Robert J. Brandon was a jewelry retailer. From late 1961 until approximately October, 1963, the parties engaged in a series of dealings whereby Travitsky sold outright or transferred on "memorandum" quantities of antique jewelry to Brandon. Transfer on "memorandum" is a custom of doing business between dealers in the jewelry business whereby a wholesaler transfers possession of jewelry pieces to a retailer for final sale but retains title in himself. Brandon would either sell the jewelry, keep it himself, or return it to Travitsky. Brandon would pay Travitsky by check or by promissory note. Often Brandon's checks to Travitsky when presented for payment would be dishonored for lack of funds, whereupon Brandon would either give Travitsky a new check or a promissory note. The "back and forth" transactions between the parties in jewelry, checks and promissory notes were numerous, complex and confusing. Brandon kept few records. Travitsky testified most of his records were lost in a burglary of his home in 1964. Thus, the trial court was faced with a formidable task of resolving the controversy of the parties. Most of the documentary evidence available came from Travitsky. The controversy centered around Brandon's oral contention he paid Travitsky all sums owed him except for an amount between $600 and $1,000. Travitsky claims a much larger sum was owed him.

The trial judge rendered a judgment in favor of Travitsky for the sum of $7,345 together with prejudgment interest at 7 percent per annum from October 15, 1963, with this explanation:

"That since many of the defendant's obligations arising after October 15, 1963, relate back to obligations arising long before October 15, 1963, and because some of the defendant's obligations arose in the several months following October 15,

1963, the Court not being able to determine, and the evidence not showing which was which, the Court finds that the date of October 15, 1963, is a fair and equitable time for the beginning of the running of interest on the defendant's indebtedness of SEVEN THOUSAND THREE HUNDRED AND FORTY FIVE DOLLARS ($7,345.00)."

The issues for our determination are these:

I.   Whether the evidence below was sufficient to support the judgment?

II.   Whether the trial court erred in awarding prejudgment interest?

1.   Appellant contends the evidence before the trial court was so favorable to him that the trial court erred in granting judgment in favor of respondent and that "no reasonable minds could disagree upon the conclusion to be gained from the evidence." We have read the record of the testimony, and disagree. There was substantial evidence in the record to support the lower court's decision. It will not be disturbed on appeal. Utley v. Airoso, 86 Nev. 116, 464 P.2d 778 (1970); Havas v. Alger, 85 Nev. 627, 461 P.2d 857 (1969); Price v. Sinnott, 85 Nev. 600, 460 P.2d 837 (1969); Coleman v. Benson, 85 Nev. 594, 460 P.2d 158 (1969); Richfield Oil Corp. v. Harbor Ins. Co., 85 Nev. 185, 452 P.2d 462 (1969). This rule is particularly applicable where the evidence is conflicting and the credibility of witnesses and weight to be given evidence is in issue. Havas v. Alger, supra; Douglas Spencer and Associates v. Las Vegas Sun, Inc., 84 Nev. 279, 439 P.2d 473 (1968); Briggs v. Zamalloa, 83 Nev. 400, 432 P.2d 672 (1967); LeMon v. Landers, 81 Nev. 329, 402 P.2d 648 (1965); Miller v. Lewis, 80 Nev. 402, 395 P.2d 386 (1964); Quijada v. Southern Pipe & Casing Co., 78 Nev. 271, 371 P.2d 661 (1962); Bird v. Mason, 77 Nev. 460, 366 P.2d 338 (1961); Berto v. Wilson, 74 Nev. 128, 324 P.2d 843 (1958); Carlson v. McCall, 70 Nev. 437, 271 P.2d 1002 (1954); Ormachea v. Ormachea, 67 Nev. 273, 217 P.2d 355 (1950); Garaventa v. Gardella, 63 Nev. 304, 169 P.2d 540 (1946). The rule applies even if the facts create grave suspicions and doubt, LeMon v. Landers, supra; Bird v. Mason, supra, and "even where the evidence was all in writing, the trial court's findings will not be set aside unless clearly or manifestly against the weight of the evidence, or without any reasonable support therein." Garaventa v. Gardella, supra, at 312.

2. Prejudgment interest runs from the time the money becomes due. NRS 99.040. When the money becomes due is a matter to be resolved by the trial judge upon trial by determining when performance was due. Paradise Homes v. Central Surety, 84 Nev. 109, 116, 437 P.2d 78 (1968).

The trial court may not speculate as to when the sum becomes due nor decide that question upon the premise of what appears to be a "fair and equitable time for the beginning of the running of interest." Thus, its award of prejudgment interest as of October 15, 1963, upon the reason assigned was error.

The trial court should have awarded interest from the dates the various obligations fell due after October 15, 1963. However, we have examined the record, and it is undisputed by either party to this action that as of May 15, 1964, all the obligations stemming from the transactions of the parties had become due. Accordingly, we modify the judgment and direct that prejudgment interest at the rate of 7 percent per annum run from May 15, 1964, rather than October 15, 1963, on the amount of $7,345, and conclude as a matter of law that as of that day the money was due respondent from appellant. Paradise Homes v. Central Surety, supra, at 117; Close v. Isbell Construction Co., 86 Nev. 524, 471 P.2d 257 (1970).

Affirmed as modified.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.