NEVADA REFINING CO., a Corporation; and C. G. MORRISON and GUY L. WEATHERLY, dba MORRISON AND WEATHERLY CHEMICAL PRODUCTS, a Partnership, Appellants, v. GEORGE E. NEWTON and BONNIE NEWTON, dba NEWTON PETROLEUM ENTERPRISES; and REFINERS SALES COMPANY, a Corporation, Respondents.

No. 6696

June 7, 1972                                    497 P.2d 887

*Lionel Sawyer Collins & Wartman* and *Steve Morris,* of Las Vegas, for Appellant Nevada Refining Co.

*Gray, Horton and Hill,* of Ely, for Appellants C. G. Morrison and Guy L. Weatherly, dba Morrison and Weatherly Chemical Products.

*Gregory & Gregory,* of Las Vegas, for Respondents George E. Newton and Bonnie Newton, dba Newton Petroleum Enterprises.

*Vaughan, Hull & Marfisi,* of Elko, for Respondent Refiners Sales Company.

## OPINION

By the Court, MOWBRAY, J.:

The principal issue presented for our consideration on this appeal is focused on the lower court's interpretation of a clause in a conditional sales contract requiring the buyer named therein to assume and pay all the taxes and insurance covering the property which was the subject of the sale. The provision in the agreement is as follows:

"13.  That it is hereby agreed Buyer shall assume and pay all taxes and insurance commencing on December 1, 1966."

The clause, unfortunately, failed to state for whose benefit the insurance should be maintained.

The property, which consisted of an oil refinery at Eagle Springs, Nevada, was partially destroyed by fire. Appellant Nevada Refining Co., a corporation, is the vendee or buyer of the conditional sales contract, while Respondents George E. Newton and Bonnie Newton, doing business as Newton Petroleum Enterprises, are the successors to the interests of the vendor or seller, Refiners Sales Company, a corporation.

The case originated as an interpleader action filed by The Hartford Insurance Group, the insurer, to determine which of the parties were entitled to the proceeds of the policy covering the damaged property.[1]

---

[1] Appellants C. G. Morrison and Guy L. Weatherly, dba Morrison and Weatherly Chemical Products, were named as defendants in the original interpleader action, as a result of their claim to the insurance proceeds, which claim was based on a writ of attachment served on The Hartford Insurance Group.

1. At the time the conditional sales contract was signed, the property was insured by Hartford. The insurance had been obtained by the seller, and the seller was the beneficiary named therein. A premium payment on the policy was then due or about to become due. The buyer paid that premium and kept the insurance in effect, except that at a later date, and without notice to the seller, the buyer caused the seller to be removed as named beneficiary and substituted itself as beneficiary.

2. Since the pertinent clause in the conditional sales contract failed to name for whose benefit the insurance should be maintained, it was ambiguous. The district judge therefore looked to the surrounding circumstances and relative positions of the seller and the buyer when the contract was executed, in order to interpret the provisions of the agreement. He was correct in doing so. As early as 1878, this court ruled, in Kennedy v. Schwartz, 13 Nev. 229, 231 (1878):

"The language of the contract is not free from doubt, and to enable us to determine its meaning, we must look at the relative position of the parties at the time the contract was made, and consider the object they had in view. In other words, the contract must be interpreted by a consideration of all of its provisions with reference to the general subject to which they relate, and in the light of the contemporaneous facts and circumstances, so as to arrive at the intention of the parties at the time the contract was entered into." See also Holland v. Crummer Corp., 78 Nev. 1, 8, 368 P.2d 63, 66 (1962).

3. The record presented to the district judge shows that the policy with Hartford had been and was in effect when the parties signed the conditional sales agreement, and that the seller had been and was the named beneficiary therein. The seller remained the named beneficiary thereafter until removed by the buyer.

The pertinent clause also required the buyer to pay all taxes on the property. The district judge stated in his findings of fact:

## "III

"That by including Paragraph 13 in said conditional sales contract the parties intended that Nevada Refining Co. [buyer] continue the insurance already in effect, with Refiners Sales Company [seller] as the named insured, for the benefit of the seller, Refiners Sales Company, until the full purchase price had been paid."

The record supports that finding. The essence of a conditional sales contract is that the seller shall retain and not relinquish title to the property the subject of the sale until the buyer pays in full the agreed purchase price. This title-retaining feature is the seller's security in the transaction. For that reason, the subject property is insured and protected against tax foreclosures. Otherwise, the security may be lost. The district judge found that such was the intent of the parties in the instant case, and the record below supports that finding. The court, therefore, properly concluded that the seller had an equitable lien on the insurance proceeds and ordered the funds paid to the seller.[2]

The judgment is affirmed.

ZENOFF, C. J., and BATJER, THOMPSON, and GUNDERSON, JJ., concur.

---

[2]Cf. Central Nat'l Bank & Trust Co. v. Simmer, 293 N.W. 460 (Iowa 1940).