IRVIN J. CARLSON AND MAURINE C. CARLSON, HUSBAND AND WIFE, APPELLANTS, v. AARON ZIVOT AND TERRY M. ZIVOT, HUSBAND AND WIFE, RESPONDENTS.

No. 7332

October 7, 1974 526 P.2d 1177

*Albright & McGimsey,* of Las Vegas, for Appellants.

*Wiener, Goldwater & Galatz, Ltd.,* and *Herbert L. Waldman,* of Las Vegas, for Respondents.

**OPINION**

By the Court, MOWBRAY, J.:

The Carlsons commenced an action against the Zivots, seeking a declaratory judgment regarding their rights and duties as to the repair of a collapsed party wall. The trial judge ruled in favor of the Zivots, finding that the collapse of the wall resulted from acts by the Carlsons and that the Zivots had no duty to contribute to reconstruction of the wall. The Carlsons bring this appeal.

In 1963, the Carlsons and their neighbors, the Cahlans (the Zivots' predecessors in interest), entered into an agreement for the construction of a party wall. Among other things, it was agreed that the Cahlans would convey to the Carlsons 20 feet of their property situated immediately adjacent to the parties' common boundary line, for the sum of $1,400; that the parties would share in the cost of constructing a wall on the new boundary line, the cost of which was not to exceed $1,400; and that the wall would be built by a contractor selected by the Cahlans.

The Carlsons commenced grading their property in preparation for the construction of a house. When the home was under construction, a party wall was built on the new boundary line. The Carlsons then back-filled dirt next to the wall, such that there was approximately 3 to 4 feet of earth fill on their property resting against the wall.

The agreement for the construction of the wall in the instant case contained no covenant regarding maintenance and repair.

The Carlsons argue that the necessary covenant to repair and maintain the wall may be found either in an implied covenant stemming from the original agreement to construct the wall or in an oral agreement to do so between the parties thereto. The lower court, however, refused to infer an implied covenant to repair arising out of the agreement and the circumstances surrounding its execution. The record supports the finding of the court. Brandon v. Travitsky, 86 Nev. 613, 472 P.2d 353 (1970).

Any explicit oral agreement to maintain the wall which may have been made bound only the original covenantors, and was never assumed by the Zivots. McNaughton v. Shaffer, 314 S.W.2d 245 (Mo. App. 1958).

The record reflects that it was action on the part of the Carlsons that caused structural damage to the wall. After the wall was constructed, the Carlsons built a swimming pool to within 6 feet of the wall. They added to the height of the wall, so that they would have privacy for the use of the pool. In addition to the substantial fill that had been placed next to the wall, numerous trees were planted adjacent thereto. These factors, the trial judge found, caused structural damage to the wall, resulting in its collapse. Substantial evidence in the record supports this finding. The Carlsons' action in changing the terrain next to the wall, plus adding artificial structures thereon, altered the natural condition of the land. There was no duty on the part of the Zivots to provide the necessary lateral support to counteract the force resulting from the Carlsons' activities. Restatement of Torts § 817, comment c at 188 (1939).

Accordingly, we affirm the judgment below that the Zivots are under no legal duty to contribute to the restoration of the wall.

THOMPSON, C. J., and GUNDERSON, BATJER, and ZENOFF, JJ., concur.