STATE OF NEVADA ex rel. Robert List, Attorney General of the State of Nevada; STATE OF NEVADA ex rel. George Holt, District Attorney of Clark County, Nevada; CONSUMER AFFAIRS DIVISION, DEPARTMENT OF COMMERCE, ex rel. Rex Lundberg, Commissioner, Appellants and Cross-Respondents, v. COURTESY MOTORS, TYRONE HAVAS, Individually and as Owner, Manager and/or Agent of COURTESY MOTORS; VICTOR HAVAS, Individually and as Owner, Manager and/or Agent of COURTESY MOTORS and AAA AUTO LEASING AND RENTAL, INC., a Nevada Corporation d/b/a COURTESY R.V. AUTO AND LEASING; and TYRONE HAVAS as Sole Shareholder, Agent and Operator of AAA AUTO LEASING AND RENTAL INC. d/b/a COURTESY R.V. AUTO AND LEASING; and VICTOR HAVAS as Agent and Operator of AAA AUTO LEASING AND RENTAL, INC. d/b/a COURTESY R.V. AUTO AND LEASING, Respondents and Cross-Appellants.

No. 8992

February 13, 1979                    590 P.2d 163

[Rehearing denied March 16, 1979]

*Richard Bryan,* Attorney General and *Joshua M. Landis,* Deputy Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Elliott A. Sattler,* Deputy District Attorney, Clark County, for Appellants and Cross-Respondents.

*Paul V. Carelli, III,* Las Vegas, for Respondents and Cross-Appellants.

## OPINION

*Per Curiam:*

In this action appellants and cross-respondents (hereinafter referred to as "appellants") stated in their amended complaint five causes of action. The first three alleged violations of the trade regulations and practices governing automotive repairs (NRS 598.690 to NRS 598.745, inclusive); the fourth alleged deceptive advertising (NRS 207.171, NRS 207.173) and the fifth alleged a deceptive trade practice (NRS 598.410(12)). Appellants sought injunctive relief pursuant to NRS 598.740, NRS 207.176, NRS 598.530 and NRS 598.590 and civil penalties pursuant to NRS 598.745, NRS 207.174 and NRS 598.640. They also prayed for the allowance of costs and attorney's fees.

The district court, on motion of respondents and cross-appellants (hereinafter referred to as "respondents"), entered an order dismissing the first three causes of action, concluding that the nature of the work performed by respondents, as alleged in those causes of action, was not within the defined subject matter of NRS 598.690 to NRS 598.745, inclusive. The order contained no determination under NRCP 54(b), but the appellants have not challenged the order in this appeal.

Respondents, in their answers, generally denied the allegations of the amended complaint and prayed for the allowance of costs and attorney's fees. The case proceeded to trial, without a jury, on the fourth and fifth causes of action. At the conclusion of the trial, the district judge announced his decision and directed entry of judgment in favor of respondents and against appellants on both causes of action with respondents to recover their costs incurred and with each party to bear his own attorney's fees. The appeal is from the judgment against appellants on the merits and awarding costs to respondents. The cross-appeal is from that portion of the judgment denying attorney's fees to respondents.

The owner of the motor vehicle involved in the events giving rise to this case was Paulette Suzanne Stearns. She dealt with Larry Hagin, an employee of respondent, AAA Auto Leasing and Rental, Inc. d/b/a Courtesy R.V. Auto and Leasing. Both Stearns and Hagin testified. Stearns testified that approximately two weeks prior to the subject transaction, she had other work done on her vehicle at Courtesy, at which time she had also dealt with Hagin. Documents relating to both transactions, including the cost estimates prepared by Hagin, were

introduced into evidence. Over objection, the trial court permitted Hagin to testify concerning an ongoing "social relationship" he had with Stearns during this period of time. Hagin's testimony in this regard was corroborated by several other witnesses, but flatly denied by Stearns. Hagin also testified, again over objection, as to conversations and understandings he had had with Stearns relating to the scope of the cost estimate he prepared in connection with the second transaction. According to Hagin, this transaction involved labor only, with parts and materials to be supplied separately, initially by Stearns and later by Courtesy when it was discovered that Hagin, acting through Courtesy, could obtain these items at a lower cost. Stearns testified that there were no such conversations or understandings.

In its oral decision, the district court stated, in part: "Despite what Miss Stearns has testified to it seems to me that the relationship between Miss Stearns and Mr. Hagin was something more than just a business relationship." This comment was carried over into the findings of fact in several references to a "social relationship" between Stearns and Hagin.

The three issues presented in this appeal are that the trial court erred in: (1) admitting and considering the testimony concerning conversations and oral agreements occurring prior to, or contemporaneously with, the preparation and execution of the cost estimate, contrary to the parol evidence rule;[1] (2) admitting and considering the testimony concerning a "social relationship" between Stearns and Hagin; and, (3) awarding costs to respondents. On the cross-appeal it is claimed the trial court erred in failing to award attorney's fees to respondents.

1. *Parol evidence.*

It is a general rule that parol or extrinsic evidence is not admissible to add to, subtract from, vary, or contradict . . . written instruments which dispose of property, or are contractual in nature and which are valid, complete, *unambiguous,* and unaffected by accident or mistake. This rule, which is known as the parol evidence rule, is one of substantive law and not merely one of evidence; and it obtains in equity as well as at law. Wheeler, Kelly & Hagny Inv. Co. v. Curts, 147 P.2d 737, 740 (Kan. 1944). (Emphasis added.)

---

[1] Any oral agreements between Stearns and Hagin reached after the execution of the written instrument and modifying the terms of that instrument are not within the scope of the parol evidence exclusion. Silver Dollar Club v. Cosgriff Neon, 80 Nev. 108, 389 P.2d 923 (1964). Accordingly, they are not subject to appellants' objection on this issue.

Parol evidence is admissible for the purpose of ascertaining the true intentions and agreement of the parties when the written instrument is ambiguous. Nevada Refining Co. v. Newton, 88 Nev. 333, 497 P.2d 887 (1972); Holland v. Crummer Corp., 78 Nev. 1, 368 P.2d 63 (1962); Kennedy v. Schwartz, 13 Nev. 229 (1878).

Here, the written instrument, the cost estimate, was ambiguous on its face. It referred to "Repair on Van." The dollar figure was in a column labeled "Labor Charge." Yet, a 3½ percent sales tax on the total amount was added, even though there is no sales tax on labor under such circumstances. See NRS 372.025(3)(c). Accordingly, we hold that the trial court did not err in admitting or considering evidence of facts and circumstances surrounding the execution of the written instrument, including the prior and contemporaneous conversations between Stearns and Hagin.

2. *"Social relationship."*

The trial court's reference in its oral decision to the "social relationship" between Stearns and Hagin was, in our opinion, an oblique, but nonetheless clear, finding relating to the credibility of their testimony. It accepted as true the testimony of Hagin and other corroborative testimony and rejected that of Stearns. "It is the prerogative of the trier of facts to evaluate the credibility of witnesses and determine the weight of their testimony, and it is not within the province of the appellate court to instruct the trier of fact that certain witnesses or testimony must be believed." Douglas Spencer v. Las Vegas Sun, 84 Nev. 279, 282, 439 P.2d 473, 475 (1968).

Even if references to a "social relationship" between Stearns and Hagin were excised from the findings of fact, the judgment is amply supported by the findings and there is substantial, even though conflicting, evidence in the record to support the findings. Under such circumstances, we will not disturb the district court's judgment. B & C Enterprises v. Utter, 88 Nev. 433, 498 P.2d 1327 (1972); Western Land Co. v. Truskolaski, 88 Nev. 200, 495 P.2d 624 (1972); Brandon v. Travitsky, 86 Nev. 613, 472 P.2d 353 (1970). We are not persuaded that the district court's reference to a "social relationship" between Stearns and Hagin was the result of, or resulted in, the application of

an improper legal standard. *See* Wright & Miller, Federal Practice and Procedure: Civil § 2585, and cases cited in n. 7 of that section.

3. *Costs.*

At all times relevant to these proceedings, NRS 18.040 provided that, "Costs shall be allowed of course to the defendant upon a judgment in his favor . . . in the actions mentioned in NRS 18.020, and in a special proceeding in the nature of an action."[2] Costs awarded against the state were payable out of the state treasury. NRS 18.150(1). We are not persuaded that the district court erred in awarding costs to respondents under these statutory provisions. The judgment from which the appeal has been taken is affirmed.

We have repeatedly held that attorney's fees may not be awarded in the absence of a statute, rule or contract which so provides. Consumers League of Nev. v. Southwest Gas, 94 Nev. 153, 576 P.2d 737 (1978). No statute, rule or contract provides for the allowance of attorney's fees in this instance.[3] Respondents have not advanced any theory supported by relevant authority which illustrates that the trial court was in error in refusing to award them attorney's fees or in failing to state its reason for such refusal. *See* Lyon v. Walker Boudwin Constr. Co, 88 Nev. 646, 503 P.2d 1219 (1972). The judgment from which the cross-appeal was taken is also affirmed.[4,5]

---

[2]After this case was tried, NRS 18.040 was repealed. *See* 1977 Nev. Stats. ch. 401, § 12.

[3]NRS 18.150(1) was amended in 1977 by adding the words "or, attorney's fees," and now reads as follows: "When the state is a party, and costs or attorney's fees are awarded against it, they must be paid out of the state treasury." *See* 1977 Nev. Stats. ch. 401, § 9. We express no opinion on the effect, if any, of this amendment on cases arising, tried or decided after July 1, 1977, the effective date of the amendment.

[4]The Governor designated the Honorable William P. Beko, Judge of the Fifth Judicial District, to sit in the place of THE HONORABLE JOHN MOWBRAY, who was disqualified. Nev. Const. art. 6, § 4.

[5]The Governor designated the Honorable Stanley A. Smart, Judge of the Third Judicial District, to sit in the place of THE HONORABLE GORDON THOMPSON, who was disabled. Nev. Const. art. 6, § 4.