TRANS WESTERN LEASING CORPORATION, A NEVADA CORPORATION, APPELLANT, *v.* CORRAO CONSTRUCTION CO., INC., A NEVADA CORPORATION, RESPONDENT.

No. 13390

October 29, 1982                                    652 P.2d 1181

---

[6]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE JOHN MOWBRAY, Justice, who voluntarily disqualified himself in this case. Nev. Const., art. 6 § 19; SCR 10.

*Glade L. Hall,* Reno, for Appellant.

*John J. McCune, Michael B. Springer* and *Timothy E. Rowe,* Reno, for Respondent.

## OPINION

*Per Curiam:*

The respondent, Corrao Construction Co., Inc. (Corrao), commenced this action against appellant, Trans Western Leasing Corporation (TWL), to recover the remaining monies due under a contract for the construction of a warehouse. TWL counterclaimed, alleging a defect in the installation of the roof of the warehouse. The case was tried to a jury who found in favor of Corrao and against TWL on both the complaint and counterclaim. TWL has appealed, asserting numerous assignments of error that we find meritless. We therefore affirm.

### THE FACTS

TWL contracted with Corrao to build a warehouse. Corrao

subcontracted with Lazovich & Lazovich, Inc., dba L & L Roofing, to install the roof.

Corrao completed the warehouse. TWL withheld final payment, claiming that the warehouse roof was defective and not completed in accordance with the specifications. Corrao then sued TWL in district court, alleging that the contract was completed and the payment was due. Corrao also named L & L Roofing as a party defendant, alleging as an alternate theory of recovery that the roof was defective.

TWL counterclaimed against Corrao for defective construction of the roof. Corrao then filed an amended complaint against TWL, and this time sued L & L Roofing as a third party defendant on indemnity grounds. Judgment was entered in favor of Corrao and against TWL on both the complaint and the counterclaim. Because Corrao had prevailed, judgment was entered in favor of L & L Roofing on Corrao's third party complaint. TWL appealed, naming both Corrao and L & L Roofing as respondents. Because TWL had pressed no claim against L & L Roofing in the district court, and Corrao did not appeal the judgment on the third party claim, TWL's appeal as against L & L Roofing was dismissed.

## THE PAROL EVIDENCE RULE

TWL suggests that the district court erred in several respects during trial. Over TWL's objection, the court admitted evidence of the parties' communications and perceptions concerning two different sets of roof specifications: the "Section 7A Membrane Roofing" specifications, which contemplated the use of Johns-Manville roofing materials, and the "Bird" specifications, which were actually used in the construction of the roof. Both sets of specifications had been considered prior to execution of the contract. TWL argues that the Section 7A specifications, the Johns-Manville materials, were integrated into the contract, and that admission of evidence concerning the Bird specifications therefore violated the parol evidence rule. Parol evidence is admissible to determine the true intent of the parties when the written instrument is ambiguous. State ex rel. List v. Courtesy Motors, 95 Nev. 103, 590 P.2d 163 (1979). The Court may look to the circumstances surrounding the execution of the contract and the subsequent acts or declarations of the parties to interpret unclear contract provisions. Nevada Refining Co. v. Newton, 88 Nev. 333, 497 P.2d 887 (1972); Holland v. Crummer Corp., 78 Nev. 1, 368 P.2d 63 (1962).

In the instant case, the parties had executed AIA Document A111, the Standard Form of Agreement Between Owner and Contractor. In the listing of Contract Documents in Article 16, the parties referred to "specifications," without indicating which specifications were meant. Nowhere does the executed instrument incorporate or refer to identifiable specifications. There was substantial evidence that the Section 7A specifications were not intended to be integrated into the contract. Under these circumstances, the district court properly admitted extrinsic evidence to aid in the interpretation of the ambiguous contract term.

Further, the evidence was admissible to show that TWL through its representatives had actual knowledge of the use of the Bird materials throughout the construction of the roof and that no objection was made to their use, indicating waiver. *See* Santino v. Glens Falls Ins. Co., 54 Nev. 127, 9 P.2d 1000 (1932); Kushner v. Home Service Co., 267 P. 555 (Cal.App. 1928).

## THE PRIOR PLEADINGS

Appellant next contends that the district court erred by refusing to take judicial notice of admissions in respondent Corrao's superseded complaint. The district court did err in concluding that factual allegations in superseded pleadings could not be used in evidence. *See* Peters v. Peters, 92 Nev. 687, 557 P.2d 713 (1976); Whittlesea Blue Cab Co. v. McIntosh, 86 Nev. 609, 472 P.2d 356 (1970); Las Vegas Network v. B. Shawcross, 80 Nev. 405, 395 P.2d 520 (1964); Annot., 52 ALR2d 516 (1957).

However, in the instant case, the "admission" in Corrao's complaint was an allegation in an alternative claim for relief that was inconsistent with the allegations in respondent's complaint against TWL. NRCP 8 provides for the assertion of alternative or inconsistent claims for relief. Inconsistent allegations in alternative claims cannot be used as admissions, for to do so "would defeat the purposes of the liberal pleading provisions of NRCP 8 and render them a trap for the unwary." Auto Fair, Inc. v. Spiegelman, 92 Nev. 656, 658, 557 P.2d 273, 275 (1976); Continental Insurance Co. of New York v. Sherman, 439 F.2d 1294 (5th Cir. 1971); Parrish v. Atchinson, Topeka and Santa Fe Ry. Co., 152 F.Supp. 158 (S.D.Cal. 1957); Sloan v. Stearns, 290 P.2d 382, 392 (Cal.App. 1955).

Therefore, while the district court may have reasoned incorrectly, the ruling was not in error and shall not be reversed. *See* NRCP 61; Ormachea v. Ormachea, 67 Nev. 273, 295, 217 P.2d 355 (1950).

After examining the record in this case, we conclude that appellant's other assertions of error are without merit.